GREDE VS. DANNENFELSER, imp.

PRACTICE.   (1) Setting aside judgment.   (2, 3) Setting aside sale on execution.

1. After the lapse of four and a half years from the entry of judgment, the court has no power to set it aside for a mere irregularity — as for want of notice of the taxation of costs, — even where the judgment debtor had no knowledge or notice of its entry until about the time of his application to vacate; but it may set aside a sale upon execution under such judgment, for sufficient cause shown.

2. Applications to set aside sales on execution for irregularities are largely addressed to the discretion of the court, but that discretion should be exercised so as to secure the ends of justice; and (with a view to those ends) full weight will sometimes be given to technical irregularities. *Allen v. Clark*, 36 Wis., 101.

3. Plaintiff's real estate, out of the county where he resided, was sold on execution in 1873, and in 1876 the sheriff executed a deed to the purchaser, *without having filed a duplicate certificate of the sale* in the proper register's office; plaintiff had no knowledge of the entry of judgment, or of the execution, levy or sale, until *after* the issue of the deed; and the, land, which was worth $1,100, was sold for $186, the amount of the judgment debt, including costs. *Held,* that the sale should be set aside on plaintiff's paying the latter amount, with interest at ten per cent.

APPEAL from the Circuit Court for *Sheboygan* County. This action was brought in the circuit court for Milwaukee county, in 1870, by *Caspar Grede* against Adam Grede and his wife and *Frederick Dannenfelser*, to foreclose a mortgage given by the first two defendants named. On the 13th of November, 1871, the cause having been sent to the county court of the same county, judgment was there ordered dismissing the complaint as to *Dannenfelser*, with costs. On the same day judgment was entered that said *Dannenfelser* have and receive of the plaintiff $141.47. In August, 1873, real estate of the plaintiff in Waukesha county was levied upon and sold to one *Schoof* under an alleged execution upon such judgment. In June, 1876, plaintiff, upon affidavits, obtained an order requiring *Dannenfelser* and *Schoof* to show

cause why the costs inserted in said judgment should not be stricken therefrom, and that portion of said judgment relating to costs vacated, and why said sale should not be set aside, and the sheriff's deed, issued thereon to *Schoof*, canceled, etc.

The material statements of the affidavits upon which this motion was based, and other facts in the case, will appear from the opinion.

It appears that the notice of taxation of costs in the cause, served upon plaintiff's attorneys, was not signed by defendants' attorney of record, but that, by mistake of a clerk, the names of Messrs. Jenkins & Elliott were signed thereto; that Mr. Jenkins had been of counsel in the cause; that his name as such counsel had been signed to the answer therein; that he had appeared as such at an examination of the plaintiff, which he had conducted personally on defendants' behalf, in the presence of one of plaintiff's attorneys; and that he had also appeared for the defendants at the trial.

The cause having, by consent of parties, been transferred to the circuit court for Sheboygan county, and the plaintiff's motion having been heard there on affidavits filed by the various parties in interest, that court denied the motion; and plaintiff appealed from the order.

For the appellant, a brief was filed by *Cotzhausen, Smith, Sylvester & Scheiber*, and the cause was argued orally by *F. W. Cotzhausen*. They contended, among other things, 1. That the court should have vacated the insertion of costs in the judgment, the taxation being without notice. *Cord v. Southwell*, 15 Wis., 217; *Akerly v. Vilas*, 23 id., 629; *Gilmartin v. Smith*, 4 Sandf. S. C., 684. The notice must be in writing (R. S., ch. 140, sec. 35; *Butler v. Mitchell*, 17 Wis., 52); and it must be signed by the regular attorney of record (C. C. Rule 2; 1 Burr. Pr., 345; *Yorks v. Peck*, 17 How. Pr., 192); and the affidavit of service in this case was of a notice not signed by the defendants' attorney of record, but by other attorneys. 2. That the court erred in refusing to vacate the

pretended sale.    It is admitted by respondent that neither the
record and files in this case, nor those in the register's office,
contained any allusion to the issuing of an execution, or to
any other proceeding subsequent to the entry and docketing
of judgment, until about the first of April, 1876, when the
respondent applied to the court for leave to file, *nunc pro
tunc*, a duplicate certificate of sale in the register's office of
Waukesha county.    But the issue of an execution, the levy
and sale thereon, the return thereof, the amount realized, and
the balance, if any, remaining due on the judgment, ought to
appear of record (*Knowlton v. Ray*, 4 Wis., 288), and it will
not be presumed that such proceedings were had, when the
record contains no allusion to them.    *Hall v. Ayer*, 9 Abb.,
220; *Claflin v. Robinhorst*, 40 Wis., 482.    The court might,
indeed, upon satisfactory proofs, amend the record; but so
long as such an amendment is not sought and ordered, an ex-
ecution sale resting in parol, or in documents not in posses-
sion of the court, cannot stand on a direct motion like this.
*Allen v. Clark*, 36 Wis., 106.    In the present case, there was
no sufficient legal proof that a proper execution was issued,
and the land duly sold, due notice being given, and duplicate
certificates duly issued.    Moreover, the sale was invalid be-
cause a duplicate certificate thereof was not filed; at least it
would seem that the filing and recording of this duplicate is
an indispensable preliminary to the execution and delivery of
a deed.    Tay. Stats., 1556–7; *Knowlton v. Ray*, *supra*.
This record is essential as a notice to the judgment debtor and
others of the date of sale, the amount for which the land is
sold, and the time when the right of redemption will expire.
*Mason v. White*, 11 Barb., 173; *Mascraft v. Van Antwerp*,
3 Cow., 334.    The force of this objection could not be obvi-
ated by filing a certificate in April, 1876, *nunc pro tunc*.
The jurisdiction of the court in such cases extends to *bona
fide* purchasers and their grantees.    *Hale v. Clauson*, 60 N.
Y., 339; *Strong v. Catton*, 1 Wis., 471; *Ogilvie v. Richard-*

*son*, 14 id., 157; *Same v. Same*, 15 id., 594; *Corwith v. State Bank*, 18 id., 560; *Cazet v. Hubbell*, 36 N. Y., 677; *May v. May*, 11 Paige, 201.

The cause was submitted for the respondent on the brief of *Jenkins, Elliott & Winkler*, of counsel. They argued, 1. That the court properly refused to set aside the judgment. (1) If there had been no notice of taxation of costs, the omission would not have made the judgment irregular, but at most would entitle the opposite party to a readjustment of costs. *Fenton v. Garlick*, 6 Johns., 288; *Stimson v. Huggins*, 16 Barb., 658; *Macomber v. Mayor*, 17 Abb., 37; *Henry v. Bow*, 20 How. Pr., 215; *Hoffnung v. Grove*, 18 Abb., 14; *Champion v. Cong. Soc.*, 42 Barb., 441; *Petrie v. Fitzgerald*, 2 Abb. Pr., N. S., 354; *Brady v. Mayor*, 1 Sandf. S. C., 582; *Cord v. Southwell*, 15 Wis., 211. (2) The notice in fact given, signed by counsel whose names were signed to the answer, and who had actively participated in the case, to the knowledge of plaintiff's attorneys, was sufficient. (3) If such notice was defective, it was a mere irregularity, which was waived by the retention of the paper, and by its being acted upon; and plaintiff could not take any advantage of the irregularity after the lapse of five years. *Ætna Ins. Co. v. McCormick*, 20 Wis., 265; *Jenkins v. Esterly*, 24 id., 340; *Servatius v. Pickel*, 30 id., 507; *Landon v. Burke*, 33 id., 452; *Eaton v. Youngs*, 36 id., 175; *Loomis v. Rice*, 37 id., 264; *Fornette v. Carmichael*, 38 id., 236; *Van Dresar v. Coyle*, id., 672; *Pringle v. Dunn*, 39 id., 439; *P. & B. Paper Works v. Willett*, 14 Abb. Pr., 119; *Low v. Graydon*, id., 444; *Lawrence v. Jones*, 15 id., 110; *Strong v. Strong*, 4 Rob., 621; *McEvers v. Markler*, 1 Johns. Cas., 248; *Nichols v. Nichols*, 10 Wend., 560. (4) As there was no pretense that the costs were not fairly taxed, the motion should have been denied, even if made in time. *Bonnell v. Gray*, 36 Wis., 574; *Greve v. Schweitzer*, id., 554; *Am. B. H., O. S. & S. Mach. Co. v. Gurnee*, 38 id., 533; *Salter v. Hilgen*, 40 id., 363. (5) The notice was sufficient, at least, to

put the party on inquiry, and to characterize any delay as *laches* (*Ætna Ins. Co. v. McCormick, supra*), and respondent's claim, that, having no notice of the judgment, he could move at any time, is not well founded. *Parker v. McAvoy*, 36 Wis., 322; *Jarvis v. Hamilton*, 37 id., 87; *Am. B. H., O. S. & S. M. Co. v. Gurnee, supra*. (6) There can be no relief against an irregular judgment, unless applied for within a year after its entry. *Moulton v. de ma Carty*, 6 Rob., 472; *Whitehead v. Tecare*, 9 How. Pr., 35; *Park v. Church*, 5 id., 381; *Cook v. Dickerson*, 1 Duer, 687; *Van Benthuysen v. Lyle*, 8 How. Pr., 312; *Amory v. Amory*, 3 Abb., N. S., 16. 2. That the court properly refused to set aside the sale. (1) The order to show cause does not show the irregularities complained of (C. C. Rule 22; *Baxter v. Arnold*, 9 How. Pr., 445; *Bowman v. Sheldon*, 5 Sandf. S. C., 660; *Harder v. Harder*, 26 Barb., 412; *Barker v. Cook*, 40 id., 254; *Lalor v. Fisher*, 2 Rob., 669); and this court will presume that the motion was denied on that ground, and will affirm the order. *Lewis v. Graham*, 16 Abb. Pr., 126; *Shipman v. Shafer*, 14 id., 449. (2) A *bona fide* purchaser is no more chargeable with notice of irregularities by the sheriff, than a stranger (*Wood v. Chapin*, 3 Kern., 519; *Wood v. Moorhouse*, 1 Lans., 411, and cases there cited); and it matters not, as respects his rights, whether there be a legal notice of the sale or not (Tay. Stats., 1556, § 59; *Lawrence v. Speed*, 2 Bibb, 401; *Whittaker v. Sumner*, 7 Pick., 551; *Wheaton v. Sexton*, 4 Wheat., 503; *McIntire v. Durham*, 7 Ired., 151; *Maddox v. Sullivan*, 1 Rich. Eq., 4; *Natchez v. Minor*, 10 S. & M., 246; *Kilby v. Haggin*, 3 J. J. Marsh., 208; *Brooks v. Rooney*, 11 Ga., 423; *Draper v. Bryson*, 17 Mo., 71; *Phillips v. Coffee*, 17 Ill., 154), or a return to the execution (*Hopping v. Burnam*, 2 G. Greene, 39; *Webber v. Cox*, 6 Mon., 110; *State v. Salyers*, 19 Ind., 432; *Cloud v. El Dorado*, 12 Cal., 128; *Clark v. Lockwood*, 21 id., 220; *Phillips v. Shiffer*, 7 Lans., 347), or a filing of the certificate of sale (*Jackson v. Young*, 5 Cow., 269). And see, gen-

erally, *Jackson v. Rosevelt*, 13 Johns., 97; *Wood v. Moorhouse*, *supra*, affirmed in 45 N. Y., 368; *Cunningham v. Cassidy*, 17 id., 276. (3) The motion was properly denied because not made within the time for redemption. *Raymond v. Pauli*, 21 Wis., 531; *Stewart v. Marshall*, 4 G. Greene, 75.

COLE, J. It is very clear that the court had no power to disturb or vacate the judgment when the application therefor was made. The judgment was entered on the 4th day of December, 1871, and the order to show cause why it should not be vacated and the costs therein inserted stricken out, was obtained about four and a half years thereafter. The ground of the application for vacating the judgment was want of notice of the entry of the same, and that there was no proper notice of taxation of costs. It is not very satisfactorily shown to my mind that proper notice of taxation of costs was not given. The objection to the sufficiency of the notice which appears in the record, is a mere technicality at most. But it is sufficient to say that, under the repeated decisions of this court, the judgment could not be vacated after such a lapse of time for any mere irregularity. Many cases to this point are cited on the brief of respondent's counsel, which abundantly establish the proposition that the court had lost all power to disturb the judgment.

But whether the affidavits do not present a case for setting aside the sale under the execution, is a different question. The parties to this litigation reside in Milwaukee county, and it appears that real estate in Waukesha county was sold under the execution, August 30, 1873. In March, 1876, the sheriff executed a deed to the purchaser. Various grounds are relied on for setting aside the sale, which we do not deem it necessary to notice in detail. The judgment debtor states in his affidavit, that he had no knowledge whatever of the entry of the judgment, the issuing of the execution, the levy upon and sale of the land, until the 2d of June, 1876, when he was

informed by his tenant that the land had been sold and a deed given to the purchaser.    He states that the land sold was worth about $1,100; the purchaser bid the land off for the amount due upon the execution, costs, etc., which amounted to $186. It is admitted that the sheriff omitted to file in the office of the register of deeds of Waukesha county a duplicate certificate of sale as required by section 52, ch. 134, R. S.; in fact, no such certificate was filed before the sheriff's deed was executed; and the question is, Was the failure of the sheriff to file the dupli- cate certificate of sale in the register's office such an irregular- ity, under the circumstances, as will warrant the court in set- ting aside the sale upon terms?    It seems to us that it is.

Applications to set aside sales on execution are doubtless largely addressed to the discretion of the court; but that dis- cretion should be so exercised as to serve the ends of justice and protect the rights of parties.    And, for the accomplish- ment of these objects, weight is often given to technical ir- regularities in the proceedings, as was done in *Allen v. Clark*, 36 Wis., 101.    There this court affirmed an order set- ting aside a sale because the execution was not subscribed by the party issuing it, nor by his attorney; deeming it a prop- er case, upon the facts, for giving full weight to technical de- fects and irregularities.    In the case at bar, the statute re- quired that a duplicate certificate of sale should be filed in the register's office of the county; and this was important, as well to give the debtor notice that his land had been sold, as to inform him when the time for redemption expired.    It seems to us the court below did not attach sufficient importance to that fact, especially when it appeared that the debtor was en- tirely ignorant that a levy and sale had been made, and when the land was sold for such a very inadequate price.    The fact that a sheriff's deed had been executed to the purchaser, was not a controlling circumstance in the way of setting aside the sale.    " A purchaser at a sheriff's sale, although a stranger to the judgment or decree, by his purchase submits himself to

the jurisdiction of the court in respect to the sale and pur-
chase (*Cazet v. Hubbell*, 36 N. Y., 677; *May v. May*, 11
Paige, 201)." This is the language of the court in *Hale v.
Clauson*, 60 N. Y., 339–341, which is a strong case in favor
of setting aside the sale. See also *Corwith v. State Bank of
Illinois*, 18 Wis., 560.

In this case we think the sale should be set aside upon the
appellant's paying the amount for which the land was sold, to-
gether with ten per cent. interest. On complying with these
terms, the appellant is entitled to have the sale set aside.

It follows from these views that so much of the order of the
circuit court as refused to set aside the sale must be reversed,
and the rest of the order affirmed.

*By the Court.* — So ordered.