## HAUPT, APPELLANT, *v.* INDEPENDENT TELEGRAPH MESSENGER CO., ET AL., RESPONDENTS.

### (No. 1,257.)

(Submitted February 6, 1901.   Decided March 4, 1901.)

*Injunction—Irreparable Injury — Pleading — Complaint — Amendment—Discretion.*

1.   Where, on the trial of an action to restrain defendants from destroying plaintiff's telegraph wires and poles, there is no allegation in the complaint that defendants were threatening to do any injury to the plaintiff, or that he feared or believed there was an existing danger, or that defendants were insolvent, defendants' objection to any evidence, on the ground that the complaint fails to state any cause of action against them, should be sustained.

2.   There are, at least, three rules to be observed in framing a bill in equity: (1) To state the plaintiff's rights in the subject matter; (2) to set up the acts which the defendant is doing or is threatening to do against such rights; and (3) to give a distinct statement, in ordinary and concise language, of such facts as show to the court that the injury will be irreparable.

3.   Where, in an action to restrain defendants from destroying plaintiff's telegraph wires and poles, the proposed amended complaint does not show that plaintiff has poles and wires of any material value, or sufficient for business, it is not an abuse of discretion for the court to refuse to permit such amended complaint to be filed, since such complaint does not show that plaintiff may be irreparably injured, and hence does not state a cause of action for injunction.

4.   It is not abuse of discretion to refuse leave to file an amended complaint which does not state a cause of action, or which would be open to a demurrer and to a motion to make more definite and certain.

5.   By "discretion" is meant sound discretion, guided by law.

MR. JUSTICE PIGOTT concurring in the judgment of affirmance upon the ground that the averments of the complaint and of the amended complaint with respect to the property do not show that the threatened injury thereto will work irreparable damage, but dissenting in respect of the intimation that the amended complaint is open to a motion to make it more certain, as well as to a demurrer for want of substance.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Henry S. Haupt against the Independent Telegraph Messenger Company and others.   From a judgment for defendants, plaintiff appeals.   Affirmed.

*Mr. Oliver M. Hall,* for Appellant.

The original complaint states a cause of action for an injunction. It shows that defendants are threatening and are about to commit acts which, by the destruction of plaintiff's property, would result in the destruction of his business and would render plaintiff's franchise granted by the city of Butte worthless. Such acts on the part of defendants amount to a nuisance and should be restrained by a court of equity. (*Arthur v. Oaks,* 63 Fed. 310; *Emmack* v. *Kane,* 34 Fed. 46; *Casey* v. *Cincinnati Typographical Union,* 45 Fed. 143; *Blindell* v. *Hogan,* 54 Fed. 40; *Elder et al.* v. *Whitesides et al.,* 72 Fed. 724; *Sherry* v. *Perkins,* 147 Mass. 212; *Boston Water Power Co.* v. *Boston & W. R. R. Co.,* 16 Pick. 512; *B. & L. R. R. Co.* v. *S. L. R. R. Co. et al.,* 2 Gray (Mass.) 1; *Camden Horse Ry. Co.* v. *Citizens' Coach Co.,* 31 N. J. Eq. 525.)

It is immaterial that no overt act has been committed to injure plaintiff. The threats and the allegations that they will be executed is sufficient to give the court jurisdiction. (*Elder et al.* v. *Whitesides,* 72 Fed. p. 726; *Arthur* v. *Oaks,* 63 Fed. p. 316.) The fact that the acts complained of are criminal is immaterial. (72 Fed. p. 725; 63 Fed. 310.) It has been repeatedly decided that interference with the franchise and business of a ferry by persons having no right so to do will be enjoined as a nuisance. (*Midland T. & Ferry Co.* v. *Wilson,* and cases cited in notes to same, 28 N. J. Eq. 537.) The proposed amended complaint states a cause of action, and the court should have allowed the same to be filed. (See cases cited, *supra.*)

The position taken by counsel and by the lower court was that the acts complained of amounted only to a trespass and that equity would not interfere to enjoin a trespass. Assuming that the acts complained of by plaintiff amount to a mere trespass, equity will enjoin a trespass:

1. When the trespass is continuing, and where it is necessary to avoid a multiplicity of suits.

2. When it would be impossible or difficult to estimate the damages.

3. When the defendants are insolvent.

All of the above named conditions exist in this case. (*Lee* v. *Watson,* 15 Mont. 228; *Palmer* v. *Israel,* 13 Mont. 209; *Elder et al.* v. *Whitesides et al.,* 72 Fed. 724; *Sankey* v. *St. Mary's Academy,* 8 Mont. 265; *Blindell* v. *Hogan,* 54 Fed. 40.)

MR. JUSTICE MILBURN delivered the opinion of the Court.

This is an action wherein the plaintiff appeals from the judgment against him dissolving a restraining order and for costs. The complaint was filed February 15, 1896, praying for injunction to enjoin defendants from injuring and destroying certain poles, wires and appliances said to belong to plaintiff, and from in any wise hindering plaintiff in the operation of a certain alleged messenger system, pursuant to the terms of a franchise granted by the city of Butte. It is alleged in the complaint that the city of Butte, by its ordinance numbered 364, granted to the predecessors of plaintiff certain franchises and privileges, to-wit, to string wires over and across the buildings on Main street, from Copper to Mercury, and from Arizona to Montana, and to cross said streets in the city of Butte, without erecting any poles or posts on said streets, for the purpose of constructing "a parcel delivery and telegraph call system" within said city, and to erect and maintain poles and wires, with necessary arms and braces, on such other streets and alleys as may be necessary to carry on said business; that the plaintiff and his predecessors have at all times faithfully complied with all conditions imposed by the ordinance, and with all ordinances and regulations relating thereto, adopted by the city council and its officers; that, pursuant to the terms of said franchise, plaintiff "has constructed and erected within the city of Butte, wires and poles and appliances for a district messenger service, and is now about to operate the same in accordance with the terms of said franchise;" that, "since the completion of the work of constructing said appliances for the

operation of said messenger service, the defendants, and all of them, have threatened to this plaintiff that, if he attempts to operate said messenger system in accordance with the terms of said franchise, they will, by force, destroy said appliances and poles, and cut said wires, and by force render said messenger system inoperative;" that such acts will delay and obstruct plaintiff in the operation of said system, and render said system and the said franchise valueless to plaintiff; and that damages cannot be compensated in an action at law. Defendants answered, and plaintiff replied. Upon the trial, November 24, 1897, the defendants objected to the introduction of any proof by the plaintiff, upon the ground that the complaint did not state a cause of action against them, or any of them; which objection was sustained, the plaintiff excepting. Thereafter, and before the jury was excused, the plaintiff, in writing, moved the court for leave to amend his complaint. The court discharged the jury and set the motion to be heard on November 27, 1897. The hearing was continued by consent. On December 1, 1897, a proposed amended complaint, embodying the matter contained in said motion, was served on defendants, and was duly presented to the court, together with said motion. The amended complaint sets out the said ordinance in full and repeats, substantially, the allegations of the original complaint, except in the amended complaint it is averred that the poles, wires and appliances are "for a district service," and, as to the threats, it declares that, "since the completion of the work of constructing said appliances for the operation of said messenger service, the defendants, and all of them, have threatened this plaintiff that, if he attempts to operate said messenger system in accordance with the terms of said franchise, they will, by force, destroy said appliances and render said messenger system inoperative, and, if not restrained by the order of this Court, defendants will carry said threats into execution;" it further states "that the poles, wires and appliances which the defendants threaten to destroy are absolutely necessary and indispensable to the carrying on of the said busi-

ness, and, if the same are injured or destroyed, said business cannot be carried on while the said wires are being replaced." It is averred also that the loss of income cannot be told, for the reason that it is impossible to know in advance the patronage which may be secured; and that the defendant companies are insolvent. The motion to amend by filing the amended complaint was denied. Appellant assigns error in sustaining the objection to the introduction of evidence and in denying the motion to amend.

The original complaint did not state facts sufficient to constitute a cause of action. There is nothing in it to show that, at the time of commencing the action, the defendants, or any of them, were threatening to do any injury to the plaintiff, or that plaintiff at that time feared or believed that there was then existing danger; there is not any allegation of insolvency of any of defendants; there is nothing to show that great or irreparable injury will result from the execution of threats. Some of these points will be considered later in this opinion.

The objection to the evidence was properly sustained. The important question in this case is this: Did the court below abuse its discretion in refusing leave to file the amended complaint?

No appearance was made by respondent in this Court. The transcript, the brief and the argument of appellant's counsel all fail to point out on what particular ground the court refused leave to file. We therefore are forced to make a critical examination of the amended complaint, and, considering what judicial discretion is, to determine, without aid of counsel, whether or not the court abused its discretion.

It is not possible to give a general outline of a bill in equity that would be applicable in all cases, or even in a majority of them. There are, at least, three rules to be observed, however: (1) To state the plaintiff's rights in the subject-matter; (2) to set up the acts which the defendant is doing or is threatening to do against such rights; and (3) to give a distinct state-

ment, in ordinary and concise language, of such facts as show to the Court that the injury will be irreparable.

We first seek for a distinct statement of facts which show that the injury will be irreparable. There is nothing alleged to show that the plaintiff has put himself in a position to do any business or to earn any income, or that he has expended more than a trifling sum, or that he has sufficient facilities, apparatus, appliances or other means to carry out the purposes of the franchise. There is not a single allegation showing, or tending to show, that plaintiff has hired or engaged the services of operators, procured offices, or put up any considerable number of poles or wires or other appliances. The only allegation is that plaintiff "has constructed and erected within the city of Butte wires and poles and appliances for a district service." The most liberal construction of this language cannot make it to mean that he has put up poles, wires and other appliances suitable and sufficient in number for the operation of a business so considerable that destruction of the same will result in irreparable injury. Possibly there have been put up no more than two poles and two wires, each one 100 feet long, with a telephone at each end thereof. The opinion of the complainant as to what will be irreparable injury is immaterial. The important question is, can the chancellor believe from the statement of facts that irreparable injury will result, judging from the statement of facts? Reading the ordinance, we find that authority is given to string wires over houses in certain streets of the city, and to put up poles and wires on such other streets and alleys as may be necessary for the business, and as may be determined by the city engineer. How large a territory has actually been covered might well have been alleged, but is not stated. So here, again, the Court has no means of knowing a fact upon which, with other things, if known, but not stated, it might base a conclusion that the business, if started, would be remunerative, and therefore irreparable injury would result from a destruction from the appliances now said to be ready for use. There being in this case no present income to be lost, the future

income being merely speculative, the pleader should to a reasonable extent show to the Court what work he has done and what money he has invested,—that is, what his earning capacity is,—so that the Court can reasonably infer whether or not the injury will be irreparable.

The allegation in the amended complaint, therefore, as to the erection of the poles, wires and appliances, is so indefinite and uncertain as, in our opinion, to be insufficient, since it fails to show that plaintiff has any property of such value that its destruction would result in irreparable injury.

We are of the opinion that the amended complaint does not state facts sufficient to constitute a cause of action, in that it does not show to the court facts from which a conclusion should be drawn that the plaintiff has established or set up any system or enterprise, interference with which would result to him in irreparable injury. We notice that all references in the amended complaint to the kind of business to be entered upon are conflicting, vague and uncertain; they do not, in apt and suitable terms, describe the business contemplated by the city council. The ordinance authorizes the establishment of "a parcel delivery and telegraph call system," but plaintiff in his amended complaint denominates his supposed enterprise as "a district service," "messenger service," "messenger system," "district messenger and parcel delivery system," and in the prayer for injunction asks protection for his "messenger system," but does not, in a single instance or in any way, refer to it as a "parcel delivery and telegraph call system." The amended complaint was open to demurrer and to a motion to make more definite and certain. The court was not, by any rule or principle, bound to permit such a pleading to be filed. It is not abuse, but good use, of discretion to say to the plaintiff in such a case: "Your complaint is insufficient and wanting in that definiteness, perspicuity and certainty necessary to show that you are about to suffer irreparable injury, and, in my discretion, I refuse leave to file it." It is not abuse of discretion to refuse leave to file an amended complaint which does not state a cause of action,

or which would be open to a motion to make more definite and certain. (*Smith* v. *Gould,* 61 Wis. 31, 20 N. W. 369; Boone on Code Pleading, Sec. 239; *Shipman* v. *State,* 43 Wis. 381.)

By "discretion" is meant sound discretion, guided by law. It must not be controlled by humor, whim or caprice; but by the judgment and conscience of the judge, and not by the judgment or conscience of others. It must be used in deciding what is just and proper under the circumstances. It cannot be governed by any fixed principles or rules. The establishment of a clearly-defined rule would be the end of discretion. (9 Am. & Eng. Enc. Law, p. 473, and notes; *Howell* v. *Mills,* 53 N. Y. 332; *Norris* v. *Clinkscales,* 47 S. C. 488, 25 S. E. 797; *Jensen* v. *Barbour,* 12 Mont. 576, 31 Pac. 592.)

As the judgment must be affirmed for the reasons stated, we do not express any opinion as to the sufficiency of the allegations of the amended complaint as to threats.

*Affirmed*

MR. CHIEF JUSTICE BRANTLY:    I concur.

MR. JUSTICE PIGOTT:    I concur in the judgment of affirmance, but do not agree to all that is said in the foregoing opinion. The amended complaint which was offered is deficient in its allegation touching the extent, amount, and value of the property the destruction of which was threatened by the defendants; there is not enough stated to show that the threats, if executed, would cause irreparable damage. The court did not abuse its discretion in refusing to permit the proposed amended complaint to be filed, for it does not state facts sufficient to constitute a cause of action at law,—or, rather, it does not contain allegations which, if proved, would entitle the plaintiff to a legal remedy,—nor set forth matter sufficient in equity to require the interposition of the extraordinary remedy of injunction. My concurrence is upon the ground that the averments of the complaint and of the amended complaint with respect to the property do not show that the threatened injury

thereto will work irreparable damage.  Upon the other ques-
tions so clearly stated and ably discussed by Mr. Justice
Milburn, I express no opinion, except in respect of the intima-
tion that the amended complaint is open to a motion to make
it certain, or more certain, as well as to a demurrer for want
of substance.  That it was obnoxious to a demurrer I am satis-
fied; but I am inclined to the view that, since Subdivision 7
of Section 680 of the Code of Civil Procedure provides for a
demurrer on the ground that the complaint is ambiguous, unin-
telligible, or uncertain, a moton should not be entertained to
make a complaint more certain.  Where a demurrer lies for
uncertainty, a motion ought not to be allowed for the same
fault, unless the motion be considered as a demurrer; if so
considered, it should be filed within the time that a demurrer
for uncertainty might be filed.  The statute has prescribed
attack by demurrer as the appropriate method of reaching the
vice of uncertainty, and therefore a motion, as such, is not a
remedy.  Perhaps a motion may lie to make a complaint more
definite; but for every fault mentioned in Section 680 which
appears upon its face, demurrer seems to be the sole remedy,
except where there is want of substance or lack of jurisdiction.
This view is supported, it seems to me, by Section 685 of the
Code of Civil Procedure:  "If no objection is taken, either by
demurrer or answer, the defendant must be deemed to have
waived the same, excepting only the objection to jurisdiction
of the court, and the objection that the complaint does not state
facts sufficient to constitute a cause of action."