STATE OF NEBRASKA EX REL. CLARENCE S. BECK, ATTORNEY GENERAL, PLAINTIFF, v. PHILIP B. LUSH ET AL., DEFENDANTS.
103 N. W. 2d 136

Filed May 6, 1960. No. 34257.

Clarence S. Beck, Attorney General, Robert A. Nelson, and John S. Samson, for plaintiff.

Crosby, Pansing & Guenzel and Chauncey E. Barney, for defendants.

Heard before MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an original action which was instituted by the State of Nebraska on relation of Clarence S. Beck, Attorney General, plaintiff, against Philip B. Lush; Gail A. Clinkenbeard; Grand Lodge Brotherhood of Railroad Trainmen; Subordinate Lodge No. 853, Falls City, Nebraska; Subordinate Lodge No. 400, Fairbury, Nebraska; Subordinate Lodge No. 190, Chadron, Nebraska; Subordinate Lodge No. 170, Lincoln, Nebraska; Subordinate Lodge No. 134, Grand Island, Nebraska; R. J. Groves; F. A. Arnold; W. G. Griffin; D. G. Klein; and W. Stull, defendants. The defendant Lush is a lawyer who was, until January 1, 1956, the legal regional representative of the defendant Grand Lodge Brotherhood of Railroad Trainmen in Minneapolis, Minnesota, which organization is located in Cleveland, Ohio, with subordinate organizations or lodges in the State of Nebraska and elsewhere; the defendant Clinkenbeard is a regional investigator of the Grand Lodge; the named defendant subordinate lodges are representatives of the Grand Lodge; and the remaining named defendants are the representatives of the designated subordinate lodges. Other defendants were named in the proceedings as originally instituted but they have not been brought before the court by legal process and there has been no general appearance by them in the action.

The action was instituted on May 10, 1957, by the filing of an information, an affidavit, and a motion for a citation of the defendants for contempt of court. These were filed on behalf of the plaintiff by Clarence S. Beck, Attorney General, as relator. Hereinafter the State of Nebraska will be referred to as plaintiff.

The basis of the action will not be set out in great detail. Only sufficient of it will be related herein to adequately present an understanding of what is presented at this time. The action at its inception was twofold. First, it was charged in the presentation that the defendant Lush as an attorney at law and regional

representative of the Grand Lodge Brotherhood, of Railroad Trainmen, Clinkenbeard as representative of the Grand Lodge, the five defendant subordinate lodges through their representatives who were the other named defendants, and these five defendants had engaged in the practice of soliciting in the State of Nebraska of persons having claims against railroads to allow themselves to be represented in actions to recover on the claims against the railroads by attorneys and agents of the choice of the defendants, contrary to law and to the established ethics of the legal profession. On this account it was charged that the defendants were in contempt of court.

In the second phase it was substantially charged that the defendants were and would continue to be engaged in the unlawful and unethical practices which were the basis for the charge of contempt. On this account the plaintiff sought injunctive process to prevent and prohibit these practices.

In the action issues were joined and other proceedings had which do not require description herein. After these proceedings were had and in April 1960, the plaintiff by its attorney and the defendants by their attorneys entered into a stipulation for the rendition and entry of what is termed a consent decree which if rendered and entered will fully dispose of the issues presented which have been briefly described herein. The proposed decree was presented with the stipulation, and consent thereto is recited therein.

Under the law of this jurisdiction a judgment or decree rendered by consent is valid if requirements establishing its validity have been met. This subject was discussed at length in McArthur v. Thompson, 140 Neb. 408, 299 N. W. 519, 139 A. L. R. 413. In the opinion the following was quoted with approval from 19 Am. Jur., Equity, § 407, p. 280: " 'Decrees are frequently entered on consent of the parties; and where this practice has been followed, the fact should be recited in

the decree. Having been entered, such a decree is binding on the consenting parties; it cannot be reviewed except on a showing that consent was obtained by fraud or that the decree was based on mutual error. A consent decree is as much a final decree and as conclusive upon the parties as is a decree which has been rendered after a hearing on the merits.'" See, also, Clark v. Charles, 55 Neb. 202, 75 N. W. 563; 49 C. J. S., Judgments, § 178, p. 314.

Examination of the issues presented by the pleadings and an application thereto of the law and of the Canons of Professional Ethics discloses that the proposed decree contains the essential requirements to the validity of a consent decree. Among other requirements, not necessary to set out here, the acts which are the subject of the proposed decree are, under law and the Canons of Professional Ethics, subject to the injunctive processes no matter by whom committed.

The following from the proposed consent decree contains the disposition of the issues which were before the court for consideration before the presentation of the stipulation and the proposed decree:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

"(1) That motion for citation for contempt be and the same is hereby dismissed as to each defendant.

"(2) That in the procurement of a case within the State of Nebraska the defendants, Grand Lodge Brotherhood of Railroad Trainmen, Subordinate Lodge No. 134, Grand Island, Nebraska; Subordinate Lodge No. 170, Lincoln, Nebraska; Subordinate Lodge No. 190, Chadron, Nebraska; Subordinate Lodge No. 400, Fairbury, Nebraska; Subordinate Lodge No. 853, Falls City, Nebraska, Gail A. Clinkenbeard, R. J. Groves, F. A. Arnold, W. G. Griffin, D. G. Klein and W. Stull and all persons acting by, through and under them or either of them are hereby jointly and severally permanently enjoined and restrained from:

"a. Telling any person or his representatives that said person has a cause of action, the amount he is entitled to recover, where suit should be filed, or doing any other act or thing which constitutes the practice of law within the State of Nebraska;

"b. Negotiating or attempting to negotiate contracts of employment for legal services on behalf of any lawyer or lawyers;

"c. Accepting pay or any gratuity or benefit whatsoever, directly or indirectly, from any lawyer, person or organization for services in obtaining contracts of employment for legal services;

"d. Loaning or advancing or promising to loan or advance money to any person or his representative pending trial or settlement of his claim or suit either personally or for or on behalf of any other person;

"e. Displaying, exhibiting, or showing copies or photographs of checks, releases, newspaper accounts or other data concerning settlement made on behalf of other claimants for the purpose of inducing any person, or his representatives, or which may tend to induce said person, to enter into contracts for the legal services of any lawyer;

"f. In any way or any manner in concert with any resident or nonresident lawyer conspire to violate the laws of Nebraska or the Canons of Legal Ethics imposed by the Courts on lawyers licensed to practice law in the State of Nebraska.

"g. In any way or in any manner violate or aid or abet the violation of the provisions of Paragraph (2) of this decree.

"(3) That in the procurement of a case within the State of Nebraska the defendant, Philip B. Lush as an individual and as a lawyer admitted to the practice of law within the State of Minnesota, and all persons acting by, through or under him, in any way or in any manner, either personally or by or through an agent, servant, employee, partner, or associate is hereby jointly

and severally enjoined and restrained from:

"a. Improperly and illegally soliciting employment as a lawyer in the State of Nebraska;

"b. Paying any person, either directly or indirectly, for services rendered in obtaining or soliciting such contracts of employment within the State of Nebraska, or accepting any such employment or any benefit derived from any such solicitation;

"c. Promising to loan or advance, or loaning or advancing, money to any person or persons at any time for the purpose of inducing said person or persons to employ said defendant, either jointly or severally;

"d. Making unsolicited calls on any person for the purpose of soliciting contracts of employment;

"e. Violating the laws of Nebraska concerning the practice of law within the State of Nebraska or Canons of Legal Ethics imposed by the Supreme Court of Nebraska, required of and observed by resident lawyers licensed in the State of Nebraska;

"f. In any way or in any manner violate or aid and abet the violation of the provisions of Paragraph (2) of this decree."

It becomes apparent from an examination of the pleadings, the stipulation, and the proposed decree that if the decree is entered that all of the purposes of the action will have been accomplished except that portion relating to the matter of contempt on or before May 10, 1957.

This abandonment by the plaintiff of the effort to hold the defendants for alleged acts committed before May 10, 1957, in view of the injunctive provisions of the decree, if rendered, and the effect thereof, it is thought, should not militate against the rendition of the decree on the basis of the stipulation.

Section 25-1072, R. R. S. 1943, provides in part: "An injunction granted by a judge may be enforced as the act of the court. Disobedience of an injunction may be punished as a contempt by the court, or by any judge

who might have granted it in vacation."

In interpretation and application of this statutory provision this court has said: "The first point raised is that, as she was not made a party to the injunction proceedings, she is not bound by the orders therein. We cannot sustain her in this, as it has too frequently been held that one who has knowledge of an injunction and is in privity with the party enjoined is bound thereby." Wilcox v. Ashford, 131 Neb. 338, 268 N. W. 81.

It is therefore the opinion of this court that the proposed decree presented with the stipulation of the parties should be and it is hereby approved and it shall be considered as rendered and entered by this court on being signed by one of the members of the court.

CONSENT DECREE APPROVED.