STATE OF MONTANA ex rel. GREAT NORTHERN RAILWAY COMPANY, a Corporation, Relator, *v.* DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT of the State of Montana, in and for the County of Silver Bow, and the HONORABLE T. E. DOWNEY, Judge Presiding, Respondents.

No. 10232.

Submitted April 14, 1961. Decided September 27, 1961.
Rehearing denied November 1, 1961.
365 P.2d 512.

Weir, Gough & Booth, Ward A. Shanahan, Edwin Booth (argued orally), Helena, for relator.

Shone & Sullivan, A. G. Shone (argued orally), Butte, for respondents.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

This is an original proceeding wherein relator filed in this court a petition for an appropriate writ, contending that the respondent court had abused its discretion in denying a motion to dismiss a civil action, in which relator was named as a defendant upon the ground of *forum non conveniens*.

It appears that the plaintiff alleged in that action that he was injured at Spokane, Washington, while employed by the defendant Railroad Company in working as a switchman in Interstate Commerce. The action was commenced under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., in the district court of the second judicial district, in and for the County of Silver Bow, Montana.

The defendant Railroad Company filed a motion to dismiss, as before stated, from which it appears that the plaintiff is a resident and citizen of the State of Washington, and that the filing of the action in Silver Bow County, Montana, was inconvenient to the parties and constituted undue harassment of the parties and was unreasonable. In support of such contentions the Railroad Company asserted it was a corporation organized under the laws of the State of Minnesota, and engaged in business in the State of Washington; that an actual view of the premises by the jury would be necessary in establishing their defense; that it would be necessary to bring at least *nine* witnesses to Butte from Spokane, Washington; that the plaintiff was treated or examined by six physicians in Spokane and it would be unsatisfactory to present such testimony by deposition; and that it would cost defendant not less than $5,000 in expenses, wages, and witnesses' fees if the trial were held in Butte.

The relator further asserts that plaintiff would have until

January 17, 1963, in which to file his cause of action in either the Washington State Court or the Federal Court in Washington, either of which would have jurisdiction.

The relator further contended that the failure of the district court to grant motions to dismiss in cases of this type has resulted in an increasing number of cases being filed in Silver Bow County, constituting a hardship upon both the Railroad Company and the taxpayers of that county, who are being obliged to pay the cost of furnishing a forum for the trial of cases originating outside the state and involving nonresident plaintiffs.

The plaintiff in resisting the motion to dismiss contended that since the injury took place in the nighttime a jury view of the premises would be improper and that in any event photographs could be taken to show the area; that the defendant could bring its employees to Butte, Montana, without great inconvenience, and further that there was only one witness to the actual accident; and that the plaintiff was examined by two doctors in Butte, and that it would be unsatisfactory to take their testimony by deposition.

Since the order denying the motion to dismiss is not an appealable order, and relator contended that unless otherwise ordered by this court the respondents would proceed to trial to relator's detriment, this court accepted jurisdiction and issued an alternative writ.

Upon the return date respondents filed a motion to quash the alternative writ and, without waiver, also filed their answer.

By their answer respondents allege that the plaintiff, under the Federal Employers' Liability Act, had the choice of placing venue where defendant resides, where the cause of action arose, or the place where defendant was doing business at the time the action was commenced. 45 U.S.C.A. § 56.

That section 93-2904, R.C.M.1947, expressly provides that if none of the defendants reside in this state an action may be tried in any county which the plaintiff may designate in his

complaint; that by virtue of the provisions of the Federal Employers' Liability Act and the statutes of Montana the respondent considered the showing made by relator insufficient to warrant a dismissal of the action; that respondent further believes that it has been the public policy of this state to keep its courts open to residents and nonresidents alike, unless the citizens of the state wish, through their Legislature, to change such public policy; and, finally, that the doctrine of *forum non conveniens* does not apply in the State of Washington, and its courts are open to citizens of Montana in like situations as the plaintiff here, and prayed that the writ be denied.

We have been favored with exhaustive briefs of counsel and previously the matter of the doctrine of *forum non conveniens* was before this court.

In State ex rel. Great Northern Ry. Co. v. District Court, 131 Mont. 607, 306 P.2d 1109, the railroad brought an original proceeding in this court seeking a writ, which application was denied. Thereafter the doctrine was again before this court on appeal in Bracy v. Great Northern Ry. Co., 136 Mont. 65, 343 P.2d 848. In that case the appellant railroad company contended the district court erred in denying its motion to dismiss upon the doctrine of *forum non conveniens.* We held that whether the doctrine should be applied in a given case was a question resting in the discretion of the trial court, and that there was no basis for the contention that the trial court abused its discretion in denying the motion.

Without burdening this opinion with an extensive discussion of the cases decided in the Federal and State Courts regarding the doctrine of *forum non conveniens,* it appears to be quite clear that a state may accept or reject the doctrine without violating any provisions of the Federal Law, and that nothing in the Federal Employers' Liability Act compels a state court to exercise the jurisdiction conferred under its provisions.

The purpose of the rule is to require litigants to avail

themselves of the trial forum of their residence and not burden the taxpayers and courts of foreign jurisdictions with such causes.

Having these considerations in mind, if it appeared that a great number of such actions were being filed in Silver Bow County we would be averse to permitting the practice to continue. However, from the record before us it appears that eighteen of such actions have been filed there in the past eleven years, which would not indicate a trend, as of this time, of importing this type of litigation.

Since our sister state has not seen fit to adopt the rule, and by reason of the other matters hereinbefore set forth, we do not feel justified in this instance to establish the rule. We do state, however, that if a substantial increase in this type of litigation is called to our attention in the future we will re-examine the situation in light of what we have herein stated.

The alternative writ is dissolved and the proceeding dismissed.

MR. JUSTICE JOHN C. HARRISON concurs.

MR. JUSTICE ADAIR concurring in result only.

I agree that District Judge T. E. Downey's ruling of March 3, 1961, denying the motion of the defendant, Great Northern Railway Company, to dismiss the plaintiff employee's tort action No. 50948, upon the claimed ground of *forum non conveniens*, was correct and proper. To have granted the defendant's motion and to have entered a judgment of dismissal would have been unauthorized and arbitrary action requiring reversal on appeal. See Lansverk v. Studebaker-Packard Corp., 54 Wash.2d 124, 338 P.2d 747.

I dissented to the making, on March 15, 1961, of this court's order directing the issuance, in the instant original proceeding No. 10232, of the alternative writ of supervisory control directed to the District Court of the Second Judicial District.

of the State of Montana and to the Honorable T. E. Downey, District Judge presiding in the plaintiff Richards' tort action No. 50948. Accordingly I concur in the subsequent order of this court dissolving the alternative writ heretofore issued and served and dismissing the entire original proceeding No. 10232. However, I am unable to agree with much that is said in Chief Justice Harrison's opinion herein.

*District Court Cause No. 50948.* On November 17, 1960, John F. Richards, as plaintiff, by his attorneys, A. G. Shone and Sylvester J. Sullivan, of Butte, Montana, commenced in the District Court of the Second Judicial District of the State of Montana, in and for the County of Silver Bow, district court civil action No. 50948, against the defendant, Great Northern Railway Company, a corporation, organized and existing under and by virtue of the laws of the State of Minnesota, being a common carrier by railroad of freight and passengers in interstate commerce and maintaining its principal place of business in the City of Minneapolis, County of Hennepin, State of Minnesota.

The suit is a transitory tort action wherein the plaintiff Richards seeks to recover $150,000 damages for personal injuries alleged to have been sustained by him on January 18, 1960, in the defendant Railway Company's passenger station in Spokane, Washington, through defendant's alleged negligence and at a time when the plaintiff was in the employ of the Railroad Company and working as a railroad switchman in interstate commerce.

The action was brought under and by virtue of the provisions of the Federal Employers' Liability Act.

In the opening paragraph of his complaint the plaintiff Richards alleged:

"Plaintiff for cause of action against the above-named defendant alleges:

"1. This action arises under the Act of Congress of April 22, 1908, Ch. 149, 35 Stat. 65, and amendments thereto, U.S.C.A.

Title 45, § 51, et seq., and further amended by the Act of Congress of August 11, 1939, Ch. 685, 53 Stat. 1404, known and cited as the 'Federal Employers' Liability Act.' "

In the second paragraph of his complaint the plaintiff Richards alleged: That during all the times mentioned the defendant Railway was a common carrier by railroad of freight and passengers; that it owned and operated, in interstate commerce, a railroad between Spokane, in the State of Washington, and Butte, in the State of Montana, which railroad continues eastward through the State of North Dakota and other states east thereof and that at all the times mentioned and at the time of the commencement of plaintiff's action No. 50948 the defendant Railway was doing business in Butte, Silver Bow County, Montana.

The Federal Employers' Liability Act, in Section 56, Title 45 U.S.C.A., provides:

"56. *Actions; limitations; concurrent jurisdiction of courts.*

"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States. Apr. 22, 1908, c. 149, § 6, 35 Stat. 66; Apr. 5, 1910, c. 143, § 1, 36 Stat. 291; Mar. 3, 1911, c. 231, § 291, 36 Stat. 1167; Aug. 11, 1939, c. 685, § 2, 53 Stat. 1404; June 25, 1948, c. 646, § 18, 62 Stat. 989."

Under the above-quoted statute, it was the plaintiff employee Richards *and not the defendant employer Railway Company* that was charged with the duty of commencing plaintiff's suit for damages No. 50948 "within three years from the day the cause of action accrued."

Plaintiff complied with section 56 with regard to the *time* of commencing his suit. The action was *timely* brought. It was filed within ten months from January 18, 1960, being "the day the cause of action accrued."

Again, under the provisions of section 56, supra, it was the plaintiff employee Richards *and not the defendant employer Railway Company* that was accorded the right to choose both the *place* and the *tribunal* wherein to commence and prosecute his suit against the defendant Railway Company.

Under section 56, supra, the plaintiff Richards was authorized and privileged to commence his action in any one of a number of Federal Courts or, in any one of a number of State Courts functioning in districts or counties wherein the defendant Railway Company was operating and "doing business at the time of commencing such action."

Section 56, supra, authorized the plaintiff employee to commence his suit against the defendant Railway Company either:

(1) In Hennepin County, Minnesota, wherein the defendant Railway Company has and maintains its principal office; or

(2) In Spokane County, Washington, wherein plaintiff suffered his injuries and wherein his cause of action arose; or

(3) In Silver Bow County, Montana, wherein the defendant Railway Company was doing business at the time plaintiff commenced his action No. 50948 and wherein summons was served upon the defendant Company.

*Concurrent Jurisdiction.* The final sentence of section 56, Title 45 U.S.C.A., specifically provides: "The jurisdiction of the courts of the United States under this chapter shall be *concurrent* with that of the several states." Emphasis supplied.

What is concurrent jurisdiction?

*Suitor's Choice.* "Concurrent jurisdiction means that different tribunals are authorized to deal equally with the same subject-matter *at the choice of the suitor*." Emphasis sup-

plied. Cashman v. Vickers, 69 Mont. 516, at page 526, 223 P. 897, at page 899.

A suitor is defined as "a petitioner or plaintiff in a suit at law." Vol. 3, The New Century Dictionary at p. 1892.

Thus, in cause No. 50948 the "suitor" is the plaintiff, John F. Richards, who exercised his right to choose the tribunal wherein to commence and prosecute his suit against the defendant Railway Company.

The plaintiff chose to file his suit in the District Court for Silver Bow County, Montana, before the Honorable John B. McClernan, one of the two regularly elected judges of that court. Such suit is not subject to removal to Federal Courts. 28 U.S.C.A. § 1445.

After the defendant Railway Company was served in Silver Bow County, Montana, with summons and a copy of the plaintiff's complaint in cause No. 50948, the defendant appeared in the action and disqualified District Judge McClernan, whereupon the Honorable T. E. Downey was called upon to preside in the cause. The defendant Railway Company recognized and invoked the jurisdiction of Judge Downey and his court by serving and filing a motion petitioning such court and judge to dismiss plaintiff's suit No. 50948 on the claimed grounds of *"forum non conveniens"*. Thereafter, and following the filing of various affidavits, counter-affidavits and briefs, Judge Downey made and entered an order denying the defendant Railway's motion to dismiss plaintiff's cause of action No. 50948.

The origin of the so-called "doctrine" encompassed in the Latin phrase *"forum non conveniens"* is most obscure.

The phrase appears to have been used first in some Scottish decisions made in the late 1800's to describe a then existing Scottish practice which permitted a trial court in Scotland a discretionary authority to refuse to hear a transitory cause of action whenever, in the opinion of the trial judge, the ends of justice would be better served by a trial in some other court

than that in which the suit was commenced.

Such Scottish practice was no part of the common law of England as it existed and was of force prior to and on January 11, 1865, being the effective date of "An Act adopting the common law of England" enacted by the First Legislative Assembly of the Territory of Montana and approved on January 11, 1865, (Bannack Statutes at p. 356) which Act provided:

"Sec. 1. That the common law of England, so far as the same is applicable and of a general nature, and not in conflict with special enactments of this Territory, shall be the law and the rule of decision, and shall be considered as of full force until repealed by legislative authority.

"Sec. 2. This act shall be in full force from and after its passage." [Approved January 11, 1865.]

The above statute was amended in 1895 and as so amended became Section 5152 of the Montana Political Code of 1895 which is now Section 12-103 of the Revised Codes of Montana of 1947, and provides:

"The common law of England, so far as it is not repugnant to or inconsistent with the constitution of the United States, or the constitution or laws of this state, or of the codes, is the rule of decision in all the courts of this state."

R.C.M.1947, § 12-104, provides:

"In this state there is no common law in any case where the law is declared by the code or the statute; but where not so declared, if the same is applicable and of a general nature, and not in conflict with the code or other statutes, the common law shall be the law and rule of decision."

In Gas Products Co. v. Rankin, 63 Mont. 372, at page 389, 207 P. 993, at page 997, 24 A.L.R. 294, this court said:

"The common law of England means that body of jurisprudence as applied and modified by the courts of this country up to the time it became a rule of decision in this commonwealth."

As stated above, January 11, 1865, is "*the time*" that the

common law of England "became a rule of decision in this commonwealth."

In Smith Engineering Co. v. Rice, 102 F.2d 492, at page 497, the United States Circuit Court of Appeals, Ninth Circuit, said:

"The 'common law of England' as used in the statute 'means that body of jurisprudence as applied and modified by the courts of this country up to the time it became a rule of decision in this commonwealth' and 'that time began with our first territorial Legislature.' (Citing cases.)

"Under the above-quoted statute [2 Rev. Codes Mont.1921, § 5672, now R.C.M.1947, § 12-103], two questions are apparent: (1) What was the common law of England, as defined by Montana decisions, up to 1864, the date of the organization of Montana as a territory?

"(2) Is that law inconsistent or repugnant to the Montana Codes?"

Clearly the so-called "doctrine" of *forum non conveniens* first employed in the aforesaid Scottish decisions made in the late 1800's is inconsistent and repugnant to Section 56, Title 45 U.S.C.A., and also to the above-quoted sections of the Montana Codes which at no time have ever adopted or recognized any such "doctrine", "rule" or "device" as *forum non conveniens*.

My research reveals that it was as recently as the year 1929 that a law review writer undertook to transplant into American law the Latin phrase *forum non conveniens*, at which time he boldly urged that without any legislative enactment whatever therefor all American courts have and possess *the inherent power* to decline jurisdiction under such pretended Scottish doctrine. I am wholly unable to subscribe to any such unconstitutional usurpation, by the judiciary, of legislative power that rightfully belongs to the Congress and to the State Legislatures.

In the instant case, it is contended that under the phrase *forum non conveniens the* trial judge presiding in cause of

464

action No. 50948, commenced and pending in the District Court for Silver Bow County, Montana, should decline to exercise the jurisdiction specifically vested in him and his court by the Act of Congress known as the Federal Employers' Liability Act (§ 56, Title 45 U.S.C.A.) when in that judge's opinion his particular court or forum is inconvenient.

Inconvenient to whom? The trial judge? The plaintiff? The plaintiff's counsel? The defendant? The defendant's counsel?

Neither the trial judge, the plaintiff, nor the plaintiff's counsel, have complained of any inconvenience suffered by them, by the bringing and prosecuting of the plaintiff's law suit in the District Court for Silver Bow County, Montana.

At no time has the respondent Judge Downey ever so much as intimated that the district court over which he presides and which has jurisdiction in plaintiff's law suit by virtue of the provisions of a valid Act of Congress, is an inconvenient forum in which to try cases arising under the Federal Employers' Liability Act.

Only the defendant railway company and its counsel protest the bringing and prosecuting of the suit in the respondent Judge Downey's court.

The *law* that governs here is the Federal Employers' Liability Act. It says that the "action may be brought * * * in the district * * * in which the defendant shall be doing business at the time of commencing such action." The District Court for Silver Bow County, Montana, fully meets this specific requirement of *the law* as it was written and enacted by the Congress of the United States. Section 56, Title 45 U.S.C.A.

District Judge T. E. Downey observed, applied and gave effect to *the law* as it is *written*. He declined to be confused or misled by the Latin phrase *"forum non conveniens"* doubtless observing that under the Codes of Montana it is *the law* that "Every written proceeding in a court of justice in this state *must be in the English language*, and judicial proceed-

ings *must be conducted, preserved, and published in no other.''*
R.C.M.1947, § 93-1104. Emphasis supplied.

In the recent case of Lansverk v. Studebaker-Packard Corporation, 1959, 54 Wash.2d 124, 338 P.2d 747, the Supreme Court of the State of Washington, in reversing a judgment of dismissal entered in the Superior Court of Clark County, Washington, held that there is nothing in the constitution, statutes, rules or decisions of the State of Washington that recognizes any discretion in the Superior Court of any county in that state to decline to exercise the jurisdiction with which such trial court is vested by the laws of that state because of the doctrine of *"forum non conveniens"*.

In an able opinion by Judge Matthew W. Hill, concurred in by all members of the Washington State Supreme Court it was said:

''Quaere:

''Is the doctrine of *forum non conveniens* available to a defendant in a transitory out of state tort action brought in a superior court of the state of Washington where the plaintiff is a nonresident of that state, and the defendant is a foreign corporation doing business in and subject to the service of process in that state?

''Answer: No.

   \*    \*    \*    \*    \*    \*    \*    \*

''In the present case, the plaintiffs (residents of North Dakota) bring this action against the defendant (a foreign corporation), having its principal place of business in South Bend, Indiana, to recover for injuries sustained by the plaintiff wife by reason of a fall while visiting the defendant's plant in South Bend, Indiana, and for failure to properly diagnose and treat the injury.

''This is a transitory tort action, and the defendant is subject to suit in any state where it can be served with process; and it has been properly served with a summons and complaint in Clark County, Washington. The defendant moved for a

dismissal on the ground of *forum non conveniens*. The trial court granted the motion, and the plaintiffs have appealed from the order of dismissal. * * *

"Service on the defendant in this case was made in Clark County upon its statutory resident agent for the service of process. See RCW 4.28.080(10), and 23.52.051. It is conceded that the Clark County superior court has jurisdiction to hear and determine the case. Our rules governing involuntary dismissals, apart from the failure to allege or prove jurisdictional facts, the failure to state or prove a cause of action, or the abatement of an action properly begun, are limited to those dealing with dismissals for want of prosecution. Rule 3, Pleading, Practice and Procedure, R.C.W. Vol. O.

"We find nothing in our constitution, our statutes, our rules, or our decisions that recognize the existence of any discretion in the superior court of any county to decline to exercise the jurisdiction with which it is vested by the constitution and our statutes because of *forum non conveniens*. * * * It must be remembered that we are not here concerned with a jurisdiction exercised to grant a change in venue or to transfer a case for trial, as in the Federal cases under 28 U.S.C. §§ 1404 (a), and 1406 (a), but with the refusal to exercise a conceded jurisdiction culminating, of necessity, in a dismissal. * * *

"If the authority to decline to exercise jurisdiction on the grounds of *forum non conveniens* is an inherent power that all courts possess, it is, like atomic power, a matter of recent development. The doctrine begins, for all practical purposes, with an article by Paxton Blair, 'The Doctrine of Forum Non Conveniens in Anglo-American Law.' (1929), 29 Columbia Law Review 1. The conclusion of the author was that, in the absence of statutory restriction, all American courts had inherent power to decline jurisdiction in transitory cases, if there existed a more convenient forum for the determination of the issues. By 1941, Mr. Justice Frankfurter could refer to the 'familiar

doctrine of *forum non conveniens'* as being 'firmly imbedded in our law.' See dissenting opinion in Baltimore & Ohio R. Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 11, 86 L.Ed. 28. * * *

"From our research we are confident that the application of the doctrine, however desirable it may be to correct certain abuses, has replaced certainty, with reference to forum, with confusion and a variety of holdings on almost identical facts, because, as one court has said,

" '* * * To attempt to resolve the niceties involved in balancing the relative conveniences and inconveniences of all of the parties to any degree of certainty, resort must be had to an apothecary's scale and a crystal ball; neither of which implements are available to this court. * * *' United States v. E. I. Du Pont De Nemours & Co., D.C.1950, 87 F.Supp. 962, 965.

"Experience seems to dictate that the occasional injustice to a railroad or other corporation, doing business in many states, occasioned by a plaintiff's abuse of his right to choose his forum, does not counterbalance the chaos and confusion resulting from the almost invariable exercise by such defendants of their right to move for dismissal on the basis of *forum non conveniens*. A flood of affidavits and counter-affidavits, answers to the counter-affidavits, and sometimes the taking of testimony, precedes the determination by the trial court of the motion. If it concludes that, because of the availability of a more convenient forum it should decline to exercise its jurisdiction, the action is dismissed. Then follows an appeal by the plaintiff, as in the present case, because the dismissal is obviously a final order or judgment and, hence, appealable. Rule on Appeal 14, R.C.W. Vol. O. * * *

"We are not convinced that there is any significant number of cases being filed in this state where the convenience of the parties and the ends of justice require a trial in a more convenient forum; and, assuming that there are, we are not satis-

fied that the adoption of the doctrine of *forum non conveniens*, with its uncertainties, confusion and delays, is the answer to the problem; *certainly, not unless the adoption is by statute* or by rule with numerous standards and safeguards to assist trial courts in its application. Emphasis supplied.

"The judgment of dismissal is reversed, and the case reinstated on the calendar of the Clark county superior court."

Clearly the doctrine of *forum non conveniens* is no part of *the law* of the State of Washington. Likewise such doctrine is no part of *the law* of the State of Montana.

Ours is a government of *law*, not of men.

"The organic law is the constitution of government, and is altogether *written*. Other *written laws* are denominated statutes. The *written law* of this state is therefore contained in its constitution and statutes, and in the constitution and statutes of the United States." R.C.M.1947, § 93-1001-9. Emphasis supplied.

The provisions written in the Federal Employers' Liability Act are statutes of the United States that expressly confer jurisdiction upon "the courts of the several states" to entertain, hear and determine actions that come under such Act of Congress and I find no *written law* that adopts the doctrine of *forum non conveniens* or that provides that "whether the doctrine should be applied in a given case" is "a question resting in the discretion of the trial court."

The source of the jurisdiction of the District Court for Silver Bow County, Montana, in the Richards Case No. 50948, is found in the Constitution of Montana and in the provisions of Section 56 of the Federal Employers' Liability Act, Title 45 U.S.C.A.

In State ex rel. Reid v. District Court of Second Judicial District, et al., 126 Mont. 489, at page 509, 255 P.2d 693, at page 703, this court said:

"Jurisdiction is the foundation of judicial proceedings. The term 'jurisdiction' means fundamentally the power or capacity

*given by law* to a court, to entertain, hear and determine the particular case or matter. *A court has no power to do anything not authorized by law,* hence the jurisdiction of a court means the power or authority which is conferred upon a court by the Constitution and laws to hear and determine causes between parties and to carry such judgments into effect.'' Emphasis supplied.

The instant original proceeding No. 10232 involving John F. Richards' case, is the most recent of three separate transitory out-of-state tort actions arising under the Federal Employers' Liability Act wherein the defendant employer, Great Northern Railway, has applied to the Supreme Court of the State of Montana to settle the question of whether the ''doctrine'' of *forum non conveniens* is available to the defendant railway company so as to empower the District Court for the County of Silver Bow, Montana, a state court, to grant the defendant's various motions to dismiss such actions on the grounds of *forum non conveniens.* In each case the District Court declined to grant the defendant's motions and refused to dismiss the plaintiff's pending action.

*Stevens Case.* In district court action No. 48431 entitled ''William J. Stevens, Plaintiff v. Great Northern Railway Company, a corporation, Defendant,'' District Judge T. E. Downey on January 11, 1957, made and entered an order denying the defendant's motion to dismiss the action on the grounds of *forum non conveniens.* Thereafter the defendant railway company on February 13, 1957, in original proceeding No. 9789 applied to the Supreme Court of Montana for a ''writ of supervisory control or other appropriate writ'' that would require and direct District Judge Downey and the District Court wherein he presides to dismiss plaintiff's action.

On February 14, 1957, being the day following the filing in original proceeding No. 9789, of the petition for the aforesaid writ the Supreme Court of Montana made and entered its order denying the relief sought. The order reads: ''Per Cur-

iam. Original proceeding seeking writ of supervisory control. The writ is denied and the proceeding ordered dismissed forthwith.'' See State ex rel. Great Northern Ry. v. District Court et al., No. 9789, 131 Mont. 607, 306 P.2d 1109. Thus did this court forthwith decline to disturb the trial court's order refusing to dismiss the plaintiff's action.

*Bracy Case.* In district court action No. 48140 entitled ''Nathaniel H. Bracy, Plaintiff v. Great Northern Railway Company, a corporation, Defendant,'' District Judge Philip C. Duncan on May 21, 1956, made and filed an order denying the defendant railway's written motion to dismiss the action and on November 10, 1936, Judge Duncan made another order denying the defendant railway's oral renewal of its earlier motion to dismiss the action, both the written motion and the subsequent oral motion being made upon the grounds of *forum non conveniens.* The cause was then tried before a jury which returned its verdict in favor of the plaintiff Bracy and against the defendant railway company in the sum of $27,500 and from the judgment entered on that verdict the defendant railway appealed to this court assigning as its first specification of error the refusal of the trial court to grant defendant's several motions to dismiss Bracy's action on the grounds of *forum non conveniens.*

On the appeal to this court Mr. Justice Angstman wrote the majority opinion which declined to disturb the trial court's ruling declining to dismiss the plaintiff's action and which affirmed the judgment of the District Court for Silver Bow County, Montana, with Justices Adair and Bottomly concurring and Chief Justice Harrison and Justice Castles dissenting.

In his opinion (Bracy v. Great Northern Railway Company, No. 9826, 136 Mont. 65, 343 P.2d 848, at pages 849, 850), Mr. Justice Angstman declined to resolve or settle the academic question put to the Supreme Court by the defendant railway company as to whether the doctrine of *forum non conveniens* has any application whatever in Montana and held that *if* such doc-

trine does apply in Montana the trial court cannot be placed in error for not granting the several motions of the defendant railway company to dismiss the plaintiff Bracy's action.

In disallowing the appellant railway's first specification of error, Mr. Justice Angstman wrote:

"Defendant's first contention is that the court erred in denying its motion to dismiss the complaint upon the ground that the action was not brought in the proper or convenient forum in that all the witnesses reside in the State of Washington where the accident occurred. Defendant relies on the doctrine of *forum non conveniens*. The motion was made before trial, renewed at the beginning of trial, and again at the close of the case. The several motions were denied.

"In its order denying the motion, the court expressed doubt as to whether the doctrine of *forum non conveniens* has any application in Montana, but stated in substance that even though it is proper to apply the doctrine in this state, the facts in the instant case do not warrant its application here.

"(1)  Defendant asks us to settle the question as to whether the doctrine has application in this state. We see no purpose in resolving this academic question here. If it does apply, the court cannot be placed in error for not granting the several motions. * * *"

*Dicta.*  After thus disposing of the question for decision the majority opinion then indulged in the following *obiter dicta:*

*"Admittedly, whether the doctrine should be applied in a given case is a question resting in the discretion of the trial court."*  Emphasis supplied.

That such dicta is neither controlling nor binding on this court as a precedent see State ex rel. Rankin v. Madison State Bank, 68 Mont. 342, at page 345, 218 P. 652, at page 653, and Beckman Bros. v. Weir, Inc., 120 Mont. 305, at page 312-314, 184 P.2d 347, at pages 350-352.

*Discretion.*  Apparently relying upon the above-quoted obiter dicta the majority opinion herein states that in considering the

doctrine of *forum non conveniens* in the case of Bracy v. Great Northern Ry. Co., supra, ''We held that whether the doctrine should be applied in a given case was a question resting in the discretion of the trial court, and that there was no basis for the contention that the trial court abused its discretion in denying the motion.''

By its enactment of the Federal Employers' Liability Act (§ 56, Title 45 U.S.C.A.) the Congress of the United States established in writing a clearly defined rule of action for the plaintiff employee wherein it definitely authorized such plaintiff to bring his action against the defendant employer in various tribunals and places including the State District Court for Silver Bow County, Montana, in which county the defendant employer was ''doing business at the time of commencing such action'' and it was in that trial court so vested with jurisdiction, that the plaintiff employer brought his action and it was there that he was authorized to prosecute his action to final judgment.

I know of no law of this state that either adopts or recognizes the so-called ''doctrine'' of *forum non conveniens* and I find no ''discretion'' resting in the trial judges presiding in the various district courts of this state to dismiss any tort action there pending on the grounds of *forum non conveniens*.

In Haupt v. Independent Tel. Messenger Co., 25 Mont. 122, at page 129, 63 P. 1033, at page 1035, this court said: '' 'By discretion' is meant sound discretion, guided by law. &ast; &ast; &ast; It cannot be governed by any fixed principles or rules. *The establishment of a clearly-defined rule would be the end of discretion.''*

In Kujich v. Lillie, 127 Mont. 125, at pages 137-139, 260 P.2d 383, at page 389, this court said:

''In his brief on these appeals the defendant concedes that there is no statutory authority for the making of the orders of dismissal but contends that the right of the district court to dismiss these actions 'does not depend on subdivision 7, section

93-4705, R.C.M.1947, cited by appellants nor on any other section of the code.'

"Defendant asserts that his motions to dismiss were not made pursuant to the provisions of section 93-4705, supra, but contends that the power to dismiss an action for failure to diligently prosecute the same is inherent in the courts and that the court 'has a right to exercise its discretionary judicial powers so long as they are not abused and can dismiss an action for laches and want of diligent prosecution.'

"As before stated, these actions were commenced and the summons in each case was issued and served within the period and time limit fixed and allowed by express statutes, and in our opinion the trial court had no 'discretion' to disregard the rules of practice and procedure so prescribed by the written law of this state and attempt to shorten the time so allowed for the performance of the acts of which the defendant complains.

"*Discretion.* The term 'discretion' denotes the absence of a hard and fast rule. Langnes v. Green, 282 U.S. 531, 544, 51 S.Ct. 243, 75 L.Ed. 520, 526.

"The establishment of a clearly defined rule would be the end of discretion. Norris v. Clinkscales, 47 S.C. 488, 25 S.E. 797, 801; Goodman v. Goodman, 1951, [68] Nev. [484], 236 P.2d 305.

"* * * The trial court has not been given the judicial discretion to alter, change or lessen the limits allowed by the written law of this state for the commencement of actions or the service of summons nor has it been given the discretion to dismiss tort actions if not originally commenced in the county where the tort was committed."

I concede it "to be quite clear that a state may accept or reject the doctrine [*forum non conveniens*] without violating any provisions of the Federal Law" as is stated in the majority opinion herein but it is equally clear that the State of Montana has never at any time accepted that doctrine and that

on each and every occasion when a defendant has sought to invoke the doctrine in a state district court of Montana, the presiding judge has rejected the doctrine and observed and given effect to the primary rule governing a court's jurisdiction, namely that "A court has no power to do anything not authorized by law." See State ex rel. Reid v. District Court of Second Judicial District, 126 Mont. 489, at page 509, 255 P.2d 693, at page 703. To lawfully accept the doctrine the state should apply to its legislative assembly wherein is vested the legislative authority of the state, or in lieu thereof, the state should apply to its people who have reserved unto themselves the power to propose laws and to enact or reject the same at the polls, where they may legally procure the enactment of the doctrine into the law of this state. Constitution of Montana, Article V, Sec. 1.

I also concede that "nothing in the Federal Employers' Liability Act compels a state court to exercise the jurisdiction conferred under its provisions." However the district courts in Montana are fully cognizant of the fact that in the last sentence of § 56, Title 45 U.S.C.A. the Congress of the United States has vested in "the courts of the several States" (which includes those of Montana) concurrent and equal jurisdiction to that possessed by the district courts of the United States in actions brought under the Federal Employers' Liability Act. The district courts of Montana have unhesitantly accepted such jurisdiction and the responsibility attendant thereon and there has never been the need of any law to compel any district court in the State of Montana to exercise the jurisdiction so conferred upon it under the provisions of the Federal Employers' Liability Act.

If, as the majority opinion asserts, the purpose of the "rule" of *forum non conveniens* "is to require litigants to avail themselves of the trial forum of their residence and not burden the taxpayers and courts of foreign jurisdiction with such causes" then such "rule" is clearly repugnant to and inconsistent with

the provisions of § 56, Title 45 U.S.C.A., which in no uncertain terms, gives the plaintiff employee his choice of various *places* and *tribunals* in which to commence and try his law suit. The adoption of such a rule in Montana would effect a radical change and an amendment of § 56, Title 45 U.S.C.A., and mean that a plaintiff employee could bring his action only in the district or county wherein he resides, at the time of commencing his suit.

I do not agree that the purpose of the "rule" of *forum non conveniens* is to lighten the burdens of the taxpayers and courts of foreign jurisdictions. If Montana's legislature was convinced that such is the real purpose of the "rule" I anticipate that little difficulty would be encountered in prevailing upon our lawmakers to enact the "rule" into a law which would be binding upon litigants and courts alike.

I am unable to concur in that portion of the majority opinion herein which states "if it appeared that a great number of such actions were being filed in Silver Bow County we would be averse to permitting the practice to continue." Whence comes the authority, power or jurisdiction of this court to fix a limit on the number of actions arising under the Federal Employers' Liability Act, that may be filed in the District Court of Silver Bow County, Montana, before the saturation point is reached?

I most certainly am not in accord with the concluding portion of the majority opinion herein which voices a threat "that if a substantial increase in this type of litigation is called to our attention in the future we will re-examine the situation in light of what we have herein stated."

Irrespective of the number of tort actions arising under the Federal Employers' Liability Act that are commenced in the District Court for Silver Bow County, Montana, the fact remains that if, at the time of commencing the action, the defendant shall be doing business in Silver Bow County and be there served with summons and a copy of the complaint, the District Court for Silver Bow County shall thereby lawfully

acquire the power, authority, capacity and jurisdiction to entertain, hear and determine the particular case or matter regardless of whether this court undertakes to "re-examine the situation in the light" of what has been stated in the majority opinion herein.

The fact persists that the State of Montana has never accepted or adopted the "doctrine" of *forum non conveniens* and that such "doctrine" is not available to relator in the instant original proceeding.

MR. JUSTICE DOYLE (specially concurring).

One of my brethren has dissented and another concurred specially in this cause. Each express sincere and honest legal conclusions diametrically opposed to the other.

Both seek to establish a permanent rule of law for this court, which will forever be applicable to all Federal Employers' Liability Act cases in the State of Montana. See Title 45 U.S.C.A. § 51 et seq.

Mr. Justice Adair would give to the Federal Employers' Liability Act the flat interpretation, that any lawyer or group of lawyers, either in or without this state may file, prosecute and maintain Federal Employers' Liability Act cases without let or hindrance, in any county of the state where service could be obtained on the defendant employer. He predicates his opinion on Lansverk v. Studebaker-Packard Corp., 54 Wash. 2d 124, 338 P.2d 747 from our sister State of Washington.

The Lansverk case is an isolated cause and not germane to the instant matter. In substance the judgment of the Washington Supreme Court abruptly repudiates the principle of *"forum non conveniens."*

Washington State, by reason of an integrated Bar, has been able to minimize certain conditions that have plagued Montana lawyers for over fifteen years.

There is and has been, in a mid-western state, a highly organized law firm, complete with "bird dogs" or solicitors,

fee-splitting contracts with laymen, ambulances fully equipped with sirens and red lights, who contact the injured railway employee or his next of kin, at times before a physician can see the claimant.

This firm has been the subject of litigation in many states for unethical and illegal practice of law. See In re Brotherhood of Railway Trainmen, 13 Ill.2d 391, 150 N.E.2d 163; State ex rel. Beck v. Lush, 170 Neb. 376, 103 N.W.2d 136; State of Oklahoma, ex rel. Oklahoma Bar Assoc. v. Brotherhood of Railway Trainmen, unpublished consent decree dated April 1, 1960.

This writer, basing this opinion on personal knowledge obtained as a practicing lawyer and as a former officer of the Montana Bar Association concludes, without any reservation, that this firm, a detriment to the legal profession, is as free from ethical practice as a brick is from oil. It can be safely assumed that the proximate cause of the twelve states adopting the legal principle of *"forum non conveniens"* comes as the end result of this firm's activities, or other law firms using the same general unethical tactics. Neither the Washington case, supra, nor the one here involved, were commenced by lawyers in the questionable category above mentioned.

In the instant cause, relator urges as one of his cogent reasons for the issuance of the writ, the necessity of the jury viewing the scene of the accident. It is always helpful to any jury to view the premises in any litigation, provided, however, that there has been no substantial change in the premises.

Here, however, it would be next to impossible to display to a jury, the same conditions. The accident occurred at night, allegedly caused by inadequate clearance between the car the plaintiff was riding on and a baggage truck. To present this exact situation to a jury would involve factors impossible to again duplicate. Could cars spotted on contiguous tracks and casting shadows be again placed in their exact positions? Could all the lights, both on the depot platform and the rolling equip-

ment be burning or out, as the case may be, on the night of the accident? Could the moon be in its same quarter and position in the sky, if there was a moon? Who would place the baggage truck the exact number of inches on the depot platform from the track on which the car plaintiff was riding at the time of the accident? The precise and exact location of this baggage truck is one of the causes of this complaint being filed and a jury will be obligated to determine this question from the evidence of both parties and return its verdict from that evidence.

Counsel for both relator and respondent are honorable, ethical gentlemen who command the respect and regard of both this court and their fellow lawyers.

If, however, an ethical situation should subsequently develop that would create economic ruin to any one county of this state, by the filing and trying of jury cases, from sister states, by any such outside law firm as before mentioned, the writer would, in the interests of protecting the financial integrity of that county and the members of the Bar of this state, change his present opinion as to the principle of *"forum non conveniens."*

MR. JUSTICE CASTLES dissenting:

I dissent. If ever a case appeared where the doctrine of *forum non conveniens* should apply this is it. The majority opinion seems to agree, but predicates our declination to apply it on the number of cases being filed. I believe the correct application would be as to whether the district court abused its discretion upon the facts shown in a timely application where no hardship or injustice could result. I think here the district court did abuse its discretion and should have granted the dismissal.