Maria L. SILVIA

v.

Alfred C. SILVIA, Sr.

No. 97–455–Appeal.

Supreme Court of Rhode Island.

June 5, 1998.

Richard E. Updegrove, Jr., Middletown.

Richard Fisher, Providence.

### ORDER

This case is here on the plaintiff Maria L. Silvia's (Maria) appeal from a Family Court order modifying the visitation rights of the defendant, Alfred C. Silvia, Sr. (Alfred), as it applies to their two minor sons. Following a prebriefing conference the appeal was assigned to the full court for its consideration during a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

As a general rule the award or modification of visitation rights rests within the discretion of the trial justice. *Suddes v. Spinelli,* 703 A.2d 605, 607 (R.I.1997); *Burrows v. Brady,* 605 A.2d 1312, 1317 (R.I.1992).

Here, the original final judgment for divorce entered on June 26, 1995 provided for joint custody of the parties' two minor children, with physical possession awarded to Maria. Alfred was awarded visitation twice a week in the summer months and during school, Alfred "spends time with the children both before school and after school as he meets their school bus and will also see the children on Sundays from 12:00 noon to 5:00 p.m." There was no provision for visitation during the holidays.

Alfred moved for an order granting more visitation; Maria moved to modify the existing visitation schedule. At the hearing, Dr. John J. Kenny, a psychologist, testified for Maria. He said that the boys told him that they were afraid of their father's temper. He opined that the boys would feel more comfortable as time went by per visit, but he suggested that the court respect the boys' desire not to be with their father for extended periods until Alfred is evaluated to determine the cause of his anger. Nevertheless, the trial justice modified the original visitation schedule by providing Alfred with visits every other weekend from Friday afternoon after school until Sunday at 6:00 p.m., and on Father's Day from 9:00 a.m. until 6:00 p.m., and by providing that Alfred may take the children with him on summer vacations. The order states that Maria is to have the boys on Mother's Day.

The trial justice considered the testimony of Dr. Kenny in reaching her decision, but she reasoned that children, typically, do not want to be verbally admonished at by their father and will manipulate a situation to avoid it if possible. She concluded that despite Alfred appearing "tense and uptight" he was handling the boys as a typical father. Although she recognized that "[e]very 13 year old boy out there would love to be able to prevent their father from yelling at them," she was "not going to put that kid in that kind of power." Accordingly, the trial justice refused to order that Alfred undergo any special evaluation prior to expanding the visitation schedule. Because no evidence suggested that the boys are in any danger, she decided that there ought to be overnight visits and holiday visits between the boys and their father.

Recently, this Court addressed the issue of a visitation order that required a parent to obtain professional counseling as an alternative precondition to allowing visitation in *Suddes v. Spinelli*, 703 A.2d 605, 607 (R.I. 1997). There we struck down that portion of the Family Court order requiring counseling on the basis that such a precondition would not be reasonable given that parent's uncooperative approach to such counseling and the lack of evidence that such counseling would materially serve the best interests of the children involved. *Id.* at 607–08. The trial justice here, however, did not condition visitation on Alfred seeking counseling.

Maria argues that the trial justice erred in dismissing Dr. Kenny's testimony and in relying on her own experience and her own attitudes about children in general to reach her decision. However, the trial justice considered Dr. Kenny's testimony when she awarded more visitation to Alfred. Indeed, Dr. Kenny also testified that he felt that it was important for the boys to have contact with their father and that anger is a natural human emotion that every child should be exposed to. Dr. Kenny never stated that the children should not be with their father.

Visitation rights are to be strongly favored and will be denied only in an extreme situation in which the children's physical, mental, or moral health would be endangered by contact with the parent in question. *Id.* at 607. This court's review of a decision to modify a visitation schedule is limited to a determination of whether the trial justice abused his or her discretion. *Id.* The findings of the trial justice "will not be disturbed on appeal unless the trial judge misconceived or overlooked material evidence or was clearly wrong." *Burrows v. Brady*, 605 A.2d 1312, 1317 (R.I.1992).

We have carefully considered the record in this case and the parties' arguments and, for the reasons stated above, we find no abuse of discretion on the part of the Family Court justice. Consequently, the appeal is denied and dismissed. The papers may be remanded to the Family Court.