**Supreme Court**

No. 2013-318-Appeal.
(P11-785M)

| | |
|---|---|
| Patricia Pacheco | : |
| v. | : |
| Nestor Marulanda. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Patricia Pacheco                    :

v.                    :

Nestor Marulanda.                    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Flaherty, for the Court.**  The defendant, Nestor Marulanda, appeals from an order of the Family Court following the expedited motion by the plaintiff, Patricia Pacheco, to suspend the defendant's visitation rights with the parties' minor child.  In this appeal, the defendant argues that the hearing justice abused his discretion because he failed to consider that the suspension of visitation rights adversely affects the best interests of the child.  On November 6, 2014, this case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues in this appeal should not be summarily decided.  After hearing the arguments of the parties and examining the memoranda that they submitted, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument.  For the reasons set forth in this opinion, we affirm the order of the Family Court.

## I

## Facts and Travel

The parties are the parents of a minor child, Alanna.  On March 30, 2011, plaintiff filed a motion in the Family Court seeking joint custody of Alanna with defendant as well as physical

placement in favor of herself. The defendant objected to plaintiff's motion and filed his own motion for relief as well as a motion to adjudge plaintiff in contempt premised on her failure to return all his personal property, a battle that had been waged in a separate legal action. The motions were heard by a justice of the Family Court, and on June 24, 2011, an order was entered granting joint custody to the parties, physical placement with plaintiff, and visitation in favor of defendant. The order specified that defendant would have visitation with Alanna "[e]very Sunday from 10:00 a.m. to Monday 12:00 noon." Further, the order mandated that defendant continue his previously court-ordered alcohol treatment.

On April 11, 2013, defendant filed a motion requesting the court to adjudge plaintiff in willful contempt for alleged violations of the June 24, 2011, order. Specifically, defendant contended that plaintiff had denied his regular visitations with Alanna in direct contravention of the court order.

The plaintiff filed an objection to defendant's motion to adjudge her in contempt, as well as her own motion to suspend visits and modify custody. In her filings, plaintiff contended that, on or about March 24, 2013, defendant broke into her home and pilfered her jewelry. She also claimed that defendant had allegedly been discovered in a highly intoxicated state in a vehicle with four blown-out tires and with her jewelry in his pockets. As a result, defendant was arrested and charged with breaking and entering; a criminal no-contact order also was issued forbidding him to be in contact with plaintiff. Further, plaintiff alleged that defendant had a serious substance-abuse issue that caused her to be concerned for the well-being of Alanna and herself. The plaintiff sought an order: (1) granting her sole custody of Alanna, (2) suspending defendant's visitation, and (3) requiring defendant to undergo substance-abuse treatment as well as random drug testing before visitation with Alanna was resumed.

On June 5, 2013, the parties convened with a justice of the Family Court. After spending what the hearing justice described as an "inordinate amount of time in chambers," the parties were able to agree on the terms of an order. On June 25, 2013, a consent order was entered granting defendant visitation with Alanna "one day (from morning until evening) per weekend, either Saturday or Sunday by agreement of the parties (not overnight)." Further, the order provided "[t]hat the [d]efendant's visit[s] with the minor child shall be supervised at all times by the paternal grandparents."

This, however, did not resolve the couple's difficulties. In August 2013, plaintiff filed an expedited motion to suspend defendant's visitation. In her filing, plaintiff alleged that defendant's visitations with Alanna had not been supervised, in direct contravention of the June 25, 2013, order. The plaintiff maintained that it was in Alanna's best interest to suspend defendant's visitation until such time as he "can demonstrate better judgment and the level of maturity required to honor [the Family Court's] Order."

On August 19, 2013, plaintiff's expedited motion to suspend defendant's visitation was heard by the same justice of the Family Court who had entered the previous order. When he testified at the hearing, defendant conceded that on three separate occasions he visited with Alanna without the supervision of his parents. First, defendant stated that "one time I took her to [a] water park which was with my brother and his family, my little nephew." The defendant insisted that this visit was not unsupervised because he was with his brother, who was a well-respected person. Second, defendant explained that during another visitation, his stepfather, a lawyer, left to visit clients at the Adult Correctional Institutions and his mother left to go to a clinic. He said that while both of his parents were away, a police officer discovered defendant,

unsupervised, with Alanna. Finally, defendant stated that on one other occasion he, along with his brother, took Alanna to the park without his parents being present.

Despite conceding that on three separate occasions he was with Alanna without his parents' supervision, defendant insisted that he did not believe there was a need for supervision of his visits with Alanna. In response, the hearing justice directed defendant's attention to paragraph two of the June 25, 2013, order which reads "[t]hat the [d]efendant's visit[s] with minor child shall be supervised at all times by the paternal grandparents." The defendant explained to the hearing justice that he understood the term "supervision" to mean that his parents could designate another person, such as his brother, to supervise his visitation with Alanna.

At the conclusion of the testimony, the hearing justice made several findings of fact. First, the hearing justice found that defendant had admitted to three separate incidents in which he was with Alanna, unsupervised by his parents. Second, with respect to defendant's stated understanding of the order, the hearing justice found defendant's testimony to not be credible, stating that "[t]he Court does not believe the [d]efendant when he testifies that he misunderstood the [June 25, 2013] order of the Court." Finally, the hearing justice found defendant to be in "willful and malicious contempt" of the court's June 25, 2013, order. As a result, the hearing justice modified defendant's visitation and directed that "[a]ny and all visitation will take place at the courthouse, until further order of this Court."

On September 4, 2013, defendant filed a motion for an emergency stay in the Family Court. As grounds, defendant argued that no evidence had been presented demonstrating that the best interests of Alanna had been harmed by the alleged violations of the June 25, 2013, order. Further, defendant asserted that the hearing justice's reasons for suspending his visitation were

purely punitive in nature. Finally, defendant argued that the suspension of visitation was contrary to the best interests of Alanna and would result in irreparable harm to the child.

On September 6, 2013, defendant's motion for an emergency stay was heard before the same justice of the Family Court who had heard the earlier expedited motion to suspend. The hearing justice recounted the testimony that had been elicited at the August 19, 2013, hearing, including defendant's claimed misunderstanding of the June 25, 2013, order. Further, the hearing justice recalled that defendant had conceded that he had been with Alanna on at least three occasions unsupervised by his parents. The hearing justice clarified that following the August 19, 2013, hearing, defendant's visitation rights had not been suspended; rather, consequent to defendant's failure to follow prior orders of the court, visitation was modified in that it was to take place at the courthouse. As a result, the hearing justice denied defendant's motion for an emergency stay. The defendant filed a timely notice of appeal.

On appeal, defendant argues that the hearing justice abused his discretion in suspending his visitation.[1] Specifically, defendant argues that the hearing justice abused his discretion when he found him in contempt, because the intent of the June 25, 2013, order that he allegedly violated could have been easily misconstrued as "some kind of consent order" as opposed to "an order entered into the record." Further, defendant argues that it was error to suspend his visitation in the absence of any showing of harm or danger to Alanna. Finally, defendant urges that the suspension of his visitation has caused irreparable harm to Alanna.

Conversely, plaintiff argues that the hearing justice neither abused his discretion nor overlooked or misconceived material evidence when he found defendant in willful contempt of

---

[1] After a review of the papers that defendant filed with this Court, we are unable to clearly discern whether he is appealing the hearing justice's finding of contempt or the remedy that was imposed as a result of that finding. At oral argument, defendant's counsel clarified that defendant was appealing both the contempt finding as well as the remedy that was imposed.

the court's June 25, 2013, order. The plaintiff contends that defendant's assertion that his visitation rights have been suspended is a "bold misrepresentation of the facts" because the court's September 9, 2013, order makes clear that visitation could continue but that it was merely modified in that it must take place at the courthouse. Finally, plaintiff argues that the June 25, 2013, order, of which defendant was found to be in violation, was a valid and enforceable order and that defendant's contention that he misunderstood that order is unavailing.

## II

### Standard of Review

General Laws 1956 § 15-5-16(d)(1) provides in pertinent part that "[i]n regulating the custody of the children, the court shall provide for the reasonable right of visitation by the natural parent not having custody of the children * * * ." We have oft echoed this sentiment, stating that "[v]isitation rights are to be strongly favored and will be denied only in an extreme situation in which the children's physical, mental, or moral health would be endangered by contact with the parent in question." Africano v. Castelli, 837 A.2d 721, 728 (R.I. 2003) (quoting Suddes v. Spinelli, 703 A.2d 605, 607 (R.I. 1997)). This Court reviews a Family Court's decision modifying visitation rights to determine whether an abuse of discretion has occurred. Waters v. Magee, 877 A.2d 658, 664 (R.I. 2005) (citing Africano, 837 A.2d at 728). "A trial justice's findings in this regard will not be disturbed on appeal unless he or she overlooked or misconceived evidence or was clearly wrong." Laurence v. Nelson, 785 A.2d 519, 520 (R.I. 2001) (citing Silvia v. Silvia, 711 A.2d 1149, 1150 (R.I. 1998) (mem.)). Finally, it is well established that the court's foremost consideration when making a decision that affects visitation rights is the "best interests of the child." Waters, 877 A.2d at 664 (quoting Dupré v. Dupré, 857 A.2d 242, 251-52 (R.I. 2004)).

**Discussion**

We will begin our analysis by addressing defendant's first contention on appeal, namely, that the hearing justice erred when he found defendant in contempt of the June 25, 2013, order. The defendant argues that the hearing justice failed to properly exercise his discretion because the intent of the June 25, 2013, order could have been easily misconstrued to permit another party, such as his brother, to provide the supervision because it was "some kind of consent order" as opposed to "an order entered into the record." However, this Court has stated, in regard to a consent agreement as to visitation entered into by the parties, that "[o]nce the court entered the order, it became an order of the court and a finding of that court." Rubano v. DiCenzo, 759 A.2d 959, 962 n.2 (R.I. 2000) (citing State v. Lush, 103 N.W.2d 136, 138 (Neb. 1960)).

Having determined that the order was completely valid and entitled to be enforced in accordance with its terms, we now turn our attention to the issue of whether defendant complied with it and the reasonable consequences that might flow from any noncompliance. It is undisputed—indeed defendant has conceded—that on three separate occasions he was with Alanna absent the supervision of his parents. While defendant argued that he believed his visits with Alanna did not require supervision in accordance with the terms of the order, the hearing justice explicitly found otherwise; he determined defendant's testimony to be not credible, stating that "[t]he Court does not believe the [d]efendant when he testifies that he misunderstood the [June 25, 2013] order of the Court." As a result, the hearing justice found defendant to be in "willful and malicious contempt." It is well established that the credibility determinations made by a trial justice sitting without a jury are entitled to substantial deference. D'Ellena v. Town of East Greenwich, 21 A.3d 389, 391-92 (R.I. 2011). A review of the record reveals nothing that

undermines the trial justice's finding that defendant lacked credibility. The hearing justice did not overlook or misconceive material evidence and he was well within the bounds of his discretion when he found defendant to be in contempt of the June 25, 2013, order.

In addition, defendant has appealed the remedy that was imposed following the finding of contempt. The defendant argues that it was error to modify his visitation in the absence of any showing of harm or danger to Alanna because the modification has caused irreparable harm to Alanna. It is significant that the hearing justice specifically found that defendant had an alcohol abuse problem, that he had broken into plaintiff's home and stolen various items of jewelry from her, and that he violated the court's June 25, 2013, order as to supervised visitation on at least three occasions. We believe that these findings clearly identify behavior that reasonably warrants concern about possible harm or danger to Alanna. Further, notwithstanding defendant's assertions to the contrary, his visitation with Alanna was never suspended. The order that entered following the hearing clearly and unambiguously stated that "any and all visitation will take place at the courthouse until further order of the Court." Thus, it is apparent on the face of the court's order that defendant could, in fact, have visitation with Alanna; however, it must take place at the courthouse. Therefore, defendant's contention that he was denied visitation with Alanna absent a finding of harm or danger is meritless. The hearing justice considered the extensive history underlying the interaction between these parties, and he was within the bounds of his discretion, indeed his responsibility, to structure an appropriate remedy.

Finally, it appears that the defendant takes issue with the fact that the hearing justice neglected to make explicit findings of fact with respect to the best interests of the child prior to modifying his visitation. Previously, this Court was confronted with an appeal from an order modifying a child-custody arrangement wherein the defendant argued that the trial justice erred

by failing to use the phrase "change in circumstances" before he modified custody. Kenney v. Hickey, 486 A.2d 1079, 1082 (R.I. 1985). In that case, we explained that the trial justice's failure to use the phrase "change in circumstances" was of "no legal significance" because implicit in the trial justice's specific findings of fact was that circumstances had changed. Id. Likewise, in this case, the hearing justice did not make an explicit finding regarding the best interests of Alanna. However, the hearing justice did find, in no uncertain terms, that the defendant had an alcohol abuse problem, that he had broken into the plaintiff's home and stolen various items of jewelry, and that he had violated the court's order on at least three occasions, an order that was clearly designed to protect the child. Clearly implicit in these specific findings of misconduct on the part of the defendant is a determination that modifying the visitation was in Alanna's best interests. As a result, we can divine no error committed by the hearing justice.

**IV**

**Conclusion**

For the foregoing reasons, we affirm the judgment of the Family Court, to which the papers in the case may be remanded.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**   Patricia Pacheco v. Nestor Marulanda.

**CASE NO:**   No. 2013-318-Appeal.
(P11-785M)

**COURT:**   Supreme Court

**DATE OPINION FILED:**   January 14, 2015

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**   Providence County Family Court

**JUDGE FROM LOWER COURT**:

Associate Justice John E. McCann, III

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Veronica Assalone, Esq.

For Defendant:  Arthur E. Chatfield, III, Esq.