May 19, 2021

**Supreme Court**

No. 2019-152-Appeal.
(P 09-333M)

Jeffrey Murray          :

v.          :

Christine Jones.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Jeffrey Murray                    :

v.                    :

Christine Jones.                    :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Long, for the Court.**  The plaintiff, Jeffrey Murray, appeals from the Family Court's denial of his motion to modify visitation and contact with the two children he shares with the defendant, Christine Jones.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this appeal may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the order of the Family Court.

## Facts and Procedural History

This dispute between Mr. Murray and Ms. Jones over Mr. Murray's contact with their two children dates back more than a decade.  Initially denied visitation in 2010, when the children were ages four and two, Mr. Murray was later awarded

- 1 -

supervised visitation, subject to drug and alcohol screens. However, Mr. Murray failed to appear at a review hearing in October 2012 and was defaulted.[1] By order dated November 1, 2012, the court suspended all visitation "until Plaintiff files a Motion for Visitation and complies with random screens." Notwithstanding that order, Mr. Murray subsequently saw the children in the spring of 2014. He has not spoken with them since that visit, and he has been incarcerated at the Adult Correctional Institutions since July 2015.

On July 6, 2018, Mr. Murray filed a motion seeking visitation at the ACI twice per month, four photographs of the children per month, and telephone calls with the children three times per week. In support of his motion, Mr. Murray submitted copies of cards and notes addressed to the children, as well as receipts for gifts. Ms. Jones filed a written objection, asserting that Mr. Murray had no relationship with the children and that he had not sought visitation with them during the time he was out of prison in 2014.

The parties appeared before a justice of the Family Court on August 22, 2018. Mr. Murray testified that he "just want[ed] to be able to see [his] kids[.]" He admitted "that a prison setting is not the ideal place to see children" but expressed that he would like to see them after being released from prison.

---

[1] Mr. Murray later claimed that his failure to appear in court was due to hospitalization.

Ms. Jones testified that she did not want Mr. Murray to establish a relationship with the children because they had been through counseling and had, by then, been through the "loss" of their father, Mr. Murray. However, she stated that she wanted to ask the children if they would like to have any contact with him via telephone and did not want to decide that for them.

The trial justice indicated that he was not inclined to grant visitation but that telephone calls, letters, and cards could be a possibility. He asked Ms. Jones to speak with the children regarding the latter and stated that "perhaps they should speak with a counselor on those issues, because ultimately some day he will, in fact, be released, and how are you going to structure the relationship between father and the children? That's a bridge that's going to have to be crossed at some point." The trial justice also expressed some concern with whether the court had jurisdiction over the children, given that, at the time of the hearing, they had lived in Massachusetts for over four years. The trial justice provided Mr. Murray with an opportunity to submit a memorandum to him on that issue.

When the parties appeared again before the trial justice on October 22, 2018, he asked Mr. Murray how visitation would be in the best interests of the children. Mr. Murray referenced "all the cards and letters * * * sent to [the] children over the past few years" but made no argument regarding how visitation would be in their best interests. He also discussed his lengthy history with the justice system and the

reasons he should not be in prison.  He concluded by admitting that he did not "believe that prison [was] the best environment to see [his] children, and it would hurt to actually see them in prison, and [he thought] it would hurt them."  In light of that admission, he then asked the trial justice to allow him "at a minimum" to have telephone calls with the children every week.  Mr. Murray presented no further testimony or documentary evidence in support of his motion.

Prior to the close of testimony, Ms. Jones testified that she had asked the children if they wanted to speak with or see Mr. Murray, and she testified that they said they did not.  The trial justice then issued a ruling from the bench, finding that there was "not a scintilla of evidence" in the record as to how it was in the children's best interests to see or communicate with Mr. Murray.  The trial justice accepted as credible Ms. Jones's testimony that the children did not want to speak with Mr. Murray and noted that testimony was unrebutted.  Based on those findings, the trial justice denied Mr. Murray's motion.

Thereafter, on July 22, 2019, the trial justice entered an order deciding that Rhode Island maintained jurisdiction over the case; denying Mr. Murray's motion for modification of the visitation order while he was incarcerated; and determining

that it was not in the children's best interests to have visitation or telephone or letter contact with Mr. Murray while he was incarcerated. Mr. Murray appealed.[2]

Mr. Murray raises various arguments on appeal, only some of which were preserved for review by this Court.[3] He contends that the trial justice erred in finding a lack of evidence to demonstrate that it was in the children's best interests to visit or have contact with him, and he points to photographs of himself with the children and letters, cards, and books that he sent to the children as that evidence. He further contends that the trial justice should not have accepted Ms. Jones's "biased" testimony as credible because there was nothing in the record to corroborate it. He also maintains that the trial justice should have interviewed the children or had a child psychologist interview the children.

The question before this Court is whether the Family Court erred in denying Mr. Murray's request to restore visitation and mandate contact with the children,

---

[2] The plaintiff filed an incorrect notice of appeal on November 13, 2018, and a proper—although premature—notice of appeal on April 5, 2019. Mr. Murray's premature notice of appeal is valid because the final order was, in fact, later entered. *See State v. Rolle*, 84 A.3d 1149, 1154 n.6 (R.I. 2014) (premature notice of appeal timely where final order entered nearly ten months after its filing).

[3] During oral argument before this Court, Mr. Murray asserted that he believed that the question of jurisdiction was the only issue to be decided at the October 2018 hearing before the Family Court, and, thus, he was unprepared to argue the merits of his motion for visitation in that court; however, he conceded that he did not ask for a continuance. He also conceded before this Court that visitation at the ACI would not be in the children's best interests.

where the trial justice found that there was no evidence to indicate that it is in their best interests to have a relationship with Mr. Murray while he is incarcerated.

## Modification of Visitation

This Court reviews a Family Court's decision on the issue of whether to modify visitation on an abuse-of-discretion standard. *Pacheco v. Marulanda*, 108 A.3d 1007, 1011 (R.I. 2015). "A trial justice's findings in this regard will not be disturbed on appeal unless he or she overlooked or misconceived evidence or was clearly wrong." *Laurence v. Nelson*, 785 A.2d 519, 520 (R.I. 2001). However, "[v]isitation rights are strongly favored and should be denied only in situations in which the child's physical, mental, or moral health would be endangered by contact with the parent." *Id.* "[I]t is well established that the court's foremost consideration when making a decision that affects visitation rights is the 'best interests of the child.'" *Pacheco*, 108 A.3d at 1011 (quoting *Waters v. Magee*, 877 A.2d 658, 664 (R.I. 2005)).

We have previously held that the following factors, when relevant, must be considered by the trial justice in order to determine the best interests of a child:

> "1. The wishes of the child's parent or parents regarding the child's custody.
>
> "2. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

"3. The interaction and interrelationship of the child with the child's parent or parents, the child's siblings, and any other person who may significantly affect the child's best interest.

"4. The child's adjustment to the child's home, school, and community.

"5. The mental and physical health of all individuals involved.

"6. The stability of the child's home environment.

"7. The moral fitness of the child's parents.

"8. The willingness and ability of each parent to facilitate a close and continuous parent-child relationship between the child and the other parent." *Pettinato v. Pettinato*, 582 A.2d 909, 913-14 (R.I. 1990) (footnotes omitted).

In the present case, Mr. Murray has conceded—before both this Court and the Family Court—that visitation at the ACI would "hurt" the children, and, thus, he has waived the issue of visitation on appeal.

Concerning the other forms of contact Mr. Murray requested—i.e., telephone calls and letters—our review of the record reveals that the trial justice did not overlook or misconceive evidence relevant to the *Pettinato* factors, nor were his findings clearly wrong. Put simply, Mr. Murray failed to provide evidence with respect to any of the *Pettinato* factors. As noted by the trial justice, when asked to explain why the relief he sought would be in the children's best interests, Mr. Murray briefly referred to intermittent correspondence he had sent over the years and then

complained at length about why he should not be in prison. The trial justice reviewed the case history and noted Mr. Murray's default for failure to appear at a review hearing in October 2012. Furthermore, the trial justice determined that Ms. Jones's testimony was credible regarding her children's disinterest in communication with Mr. Murray, a finding that is entitled to our deference. *See Pacheco*, 108 A.3d at 1012 ("It is well established that the credibility determinations made by a trial justice sitting without a jury are entitled to substantial deference."). The trial justice was permitted to consider the children's "reasonable preference" in his decision, *Pettinato*, 582 A.2d at 913, and here, their preference was not to have communication with Mr. Murray. Finally, the trial justice was not required to take evidence from a child psychologist, a hypothetical expert from whom neither party offered evidence or even engaged. *See In re Alexis L.*, 972 A.2d 159, 170 (R.I. 2009) (noting, in the context of termination of parental rights, that "we never have required that a child be evaluated by a psychiatrist or psychologist before the Family Court may properly terminate parental rights"). Thus, "[a]lthough there is a strong presumption in favor of visitation," *Laurence*, 785 A.2d at 522, we conclude that the trial justice did not abuse his discretion by denying Mr. Murray's motion.

## Conclusion

For the foregoing reasons, the plaintiff's appeal is denied, and the order appealed from is affirmed; the record in this case may be returned to the Family Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Jeffrey Murray v. Christine Jones. |
| **Case Number** | SU-2019-0152-Appeal<br>(P 09-333M) |
| **Date Opinion Filed** | May 19, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Family Court |
| **Judicial Officer from Lower Court** | Associate Justice Felix E. Gill |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jeffrey S. Murray, Pro Se<br>For Defendant:<br><br>Christine A. Jones, Pro Se |